700

## GEHRET et ux. v. HETKES.
### No. 1169—5485.

Commission of Appeals of Texas, Section B.
March 18, 1931.

O. S. York, of Galveston, for plaintiffs in error.

Paul A. Drouilhet, of Galveston, for defendant in error.

RYAN, J.

The city of Galveston, by ordinance, directed the paving of Thirty-First street in that city, and awarded the contract therefor to H. J. Hetkes. Eugene Gehret and wife at that time owned and occupied as their homestead lot 7 in the southeast corner of outlot 88, abutting on Thirty-First street. The Gehrets failed to pay their proportion of the paving cost, amounting to $514.36, and Hetkes filed suit against them in the district court of Galveston county therefor and for foreclosure of his alleged lien.

The defendants did not appear or make answer, though duly served with citation, and on October 11, 1927, a default judgment was rendered for plaintiff for the sum sued for and for a foreclosure of his alleged lien. In due time the sheriff of Galveston county, by virtue of an execution and order of sale under said judgment, levied on said lot 7 and advertised the same for sale on January 3, 1928.

On December 28, 1927, Gehret and wife brought this suit in the same court against the sheriff to restrain him and his deputies from making sale of said property, alleging that, at the time the pavement was laid, as well as before and since, and when the suit in which judgment was obtained was filed, citation served, and judgment rendered, Hetkes knew that said property was their homestead, and therefore said judgment was and is void in so far as it foreclosed a lien against said property.

Prayer was that said judgment be reformed so as to constitute a personal judgment only against them for the sum sued for, and for the removal of the cloud cast upon their homestead by said judgment.

A writ of temporary injunction restraining said sheriff's sale was also prayed for and ordered to issue by the district judge (bond fixed at $50) to remain in full force and effect until final hearing.

H. J. Hetkes made himself a party defendant, and the defendants filed exceptions to plaintiffs' petition or petitions, which were overruled by the court, and set up the judgment complained of, in bar of plaintiffs' right to the injunctive relief prayed for by them.

The court rendered judgment on July 31, 1928, perpetuating the temporary injunction and reforming the judgment of October 11, 1927, so as to leave it merely a personal judgment for the amount named therein, and "eliminating and deleting the lien and foreclosure thereof" against lot 7; the cloud cast upon the title to said property by virtue of said judgment and the establishment and foreclosure of said lien was also removed. All costs were assessed against said Gehret

and wife and the sureties on their injunction bond.

The defendant Hetkes appealed from said judgment to the Court of Civil Appeals for the First Supreme Judicial District, where said judgment was reversed and the cause remanded to the trial court. 16 S.W.(2d) 395.

No statement of facts has been filed, but the trial court made findings of fact and reached conclusions of law, succinctly stated as follows:

(1) That, at the time judgment by default was rendered against them, as well as for some ten or twelve years before, said lot 7 was and is the homestead of Eugene Gehret and his wife and was during all that time occupied as such by them; that they filed no answer and did not plead homestead in said cause because they were advised and believed that a lien could not be foreclosed against their homestead in said action and that no defense on their part was necessary; that Hetkes, the plaintiff, knew at the time the paving was constructed, as well as at the time the suit was instituted and at the time of the entry of default judgment therein, that the property in question was the homestead of Gehret and wife and was occupied by them as such; that said Hetkes' attorney, as well as himself (the trial judge) knew at the time the default judgment was entered that the property was such homestead, and that the paving lien asserted in plaintiff's petition did not constitute a valid lien against said property; that, at the time the default judgment was rendered and before it was entered, and in connection with the introduction of the necessary proof of the establishment of said judgment, the court discussed with Hetkes' attorney the fact that said property was such homestead and that the alleged paving lien could not under the Constitution constitute a valid lien; the court informed said attorney that, while he would enter the default judgment, if Gehret and wife applied for a new trial before the term ended, same would be granted.

(2) At the time of the default judgment the trial court was under the erroneous impression that it was incumbent upon Gehret and wife to plead and prove the property as homestead, and, not having done so before default day, Hetkes was entitled to the default judgment; but now he is satisfied that, because both the plaintiff and the court knew that they were dealing with homestead property and that the lien asserted was invalid under the Constitution, and further because the discussion between the court and the attorney in connection with the taking of the default judgment was tantamount to the introduction of evidence in the case, it is his duty to correct the illegal and unauthorized act in establishing and foreclosing said lien, and said original judgment should be reformed so as to leave it a personal judgment against Gehret and wife, eliminating the lien feature and removing the cloud cast upon the property in question by reason of said judgment.

### Opinion.

Gehret and wife were duly cited in the suit on the paving lien. They made default. Judgment was regularly entered, and the fact that this property was Gehret's homestead nowhere appears in any part of the judgment roll.

Neither the petition, citation, nor judgment contains any intimation that the property was Gehret's homestead; it appears from the record itself that the court had jurisdiction of the parties to, and the subject-matter of, the suit. The judgment is therefore not void.

A voidable judgment is one rendered by a court having jurisdiction but which was irregularly and erroneously rendered. Such a judgment is valid until vacated by a direct proceeding instituted for that purpose or until reversed on appeal or writ of error. Murchison v. White, 54 Tex. 78; Wheeler v. Ahrenbeak, 54 Tex. 535; Odle v. Frost, 59 Tex. 684; Buchanan v. Bilger, 64 Tex. 589.

Whether a judgment of a court of record is void or voidable must be determined from an inspection of the record. If the record discloses that the court rendering such judgment was without jurisdiction, the same is void and open to attack in a collateral proceeding; if it does not, the judgment is merely voidable and can be attacked only in a direct proceeding. Morris v. Halbert, 36 Tex. 19; Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Ringgold v. Graham (Tex. Com. App.) 13 S.W.(2d) 355.

Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 55, 803, 53 Am. St. Rep. 770, and Barnett v. Eureka Paving Co. (Tex. Com. App.) 234 S. W. 1081, 1082, cited by plaintiffs in error, are not in conflict with the rule announced above. In both those cases want of jurisdiction appeared upon the face of the record. This is apparent in the quotation from Judge Brown's opinion in the Bordages Case, wherein he said, "These facts, showing want of jurisdiction of the subject-matter of the suit, appeared upon the face of the record"; and from Judge Kittrell's opinion in the Barnett Case, discussing the question that the petition showed on its face that the property in question was defendant's homestead, wherein he said, "It is but juggling with words to say that it did not appear in the original suit that foreclosure of the lien was sought against a homestead," and "the very terms of the decree itself show that the court was dealing with the property as homestead property."

It is plain from those quotations that in both said cases the records affirmatively

showed the lack of jurisdiction over the subject-matter, whereas here the record in the judgment attacked is silent on the subject of Gehret's homestead claim.

■ We think that the original judgment is not void, but only voidable at most, and the term of the court at which it was rendered having expired, it could be set aside only by bill of review brought by Gehret and wife. Gross v. McClaran, 8 Tex. 341; McKean v. Ziller, 9 Tex. 58.

■ To entitle a party to relief from a judgment (not void) rendered at a term of court that had expired, it must be shown that he was prevented from urging objections to the judgment which would, or ought to, have prevented its rendition and that he was so prevented by fraud, accident, or the acts of the adverse party, without fault or negligence on his part. Rogers v. Dickson (Tex. Civ. App.) 176 S. W. 865, writ of error refused; Jordan v. Brown (Tex. Civ. App.) 94 S. W. 398; Miller v. Hall, 12 Tex. 556; Burnley v. Rice, 21 Tex. 171; Johnson v. Templeton, 60 Tex. 238.

■ A positive averment of a valid excuse for not obtaining relief by a motion for new trial is essential in a bill of review to set aside a judgment after the expiration of the term at which it was rendered. Caperton v. Wanslow, 18 Tex. 125; Ragsdale v. Green, 36 Tex. 193; Vardeman v. Edwards, 21 Tex. 740; Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684.

The pleadings of plaintiffs in error are too general, contain principally conclusions, and do not allege fraud, accident, or any act of the adverse party which prevented them from urging their defenses; neither is it shown with sufficient particularity that they were without fault or negligence in the premises.

Proper exceptions were directed to such pleadings, which, as correctly held by the Court of Civil Appeals, should have been sustained by the trial court, but, since that court overruled the same and plaintiffs in error went to trial thereon, the Court of Civil Appeals properly remanded the cause to the trial court to give plaintiffs in error an opportunity to amend their pleadings, if they so desire.

We recommend that the action of the Court of Civil Appeals in reversing the judgment of the trial court and remanding the cause be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversing the judgment of the district court is affirmed, as recommended by the Commission of Appeals.