## ALDERETE v. CITY OF EL PASO.

### No. 3060.

Court of Civil Appeals of Texas. El Paso.
Oct. 4, 1934.

Rehearing Granted Nov. 8, 1934.

C. W. Croom, of El Paso, for appellant.

J. H. McBroom, City Atty., and Theodore Joseph and Joseph J. Roybal, Asst. City Attys., all of El Paso, for appellee.

WALTHALL, Justice.

On March 18, 1930, the city of El Paso, Tex., sued Frank G. Alderete, appellant herein, for the taxes alleged to be due on lots Nos. 22 and 23, in block No. 1, Magoffin Homestead addition to the city of El Paso, El Paso county, Tex., and in said petition and the exhibit attached thereto stated the several years for which the taxes were due and delinquent, from the year 1915 to and including each year thereafter to the year 1928, both years included, and stating therein the penalty and interest due for each year, the total amount of the taxes stated to be due is $1,259.34; the total amount sued for being $2,259.57. The record shows the issuance and service of citation. Judgment by default was taken in favor of the plaintiff, city of El Paso, appellee here, in the total sum of $2,259.57. In said judgment the plaintiff's tax lien was foreclosed, and thereafter, in due time, order of sale was issued, the property was sold, and bought in by the city of El Paso for the amount of the judgment.

On October 23, 1933, the plaintiff, city of El Paso, applied to the judge of the district court wherein said case had been tried and judgment entered for a writ of possession and an order, to show cause.

On November 2, 1933, plaintiff, city of El Paso, filed in said cause what is designated a "trial amendment" to an application to a writ

of possession, requesting, in the alternative, a writ of assistance.

To said application to show cause appellant filed his "original answer" in which he alleged that "the judgment in the case was void for the reason that the original citation issued and served upon him in the case alleged that the defendant owed taxes in the amount of $1,256.34, and the judgment entered in the case was for the sum of $2,367.33, which is null and void, also the amounts due for each year is not shown in the citation. Wherefore, premises considered, this defendant prays that the notice to show cause be denied."

On November 2, 1933, the court entered an order granting a writ of assistance commanding the sheriff cf El Paso county "to forthwith enter upon and take possession of the above described property and deliver the possession of the same to the plaintiff herein."

Appellant, in due time, filed assignments of error and gave a supersedeas bond, and the case is here on appeal.

### Opinion.

Appellant presents several propositions questioning the sufficiency of the original citation to support the judgment rendered.

We have concluded from the record presented here that no appeal to this court lies from the interlocutory order of the trial court granting the application for a writ of assistance, and for that reason this court is without jurisdiction.

The appeal is dismissed.

### On Motion for Rehearing.

Appellee concurs with appellant in his contention that an appeal lies to this court from the order of the trial court granting appellee's application for a writ of assistance, and both appellant and appellee insist that this court entertain jurisdiction.

So far as our investigation has extended, we have found no case in this state in which the precise question presented here has been discussed or decided, since the rule has been so generally settled that these courts have no jurisdiction to entertain appeals from orders classed as interlocutory, unless expressly conferred by statute.

However, we have given much time and consideration to the question of jurisdiction of this court, and have expressed our conclusion in the case of R. Lee Newman v. City of El Paso, 77 S.W.(2d) 721, in the opinion by Judge Higgins, this day handed down, and we refer to the opinion there expressed as applied to this case without further discussion here. We set aside the former order of this court dismissing the appeal and entertain jurisdiction.

Appellant submits that the judgment in favor of appellee, city of El Paso, is void because the citation did not conform to, nor was such citation based upon, the allegations of the petition; and because the citation did not comply with article 2022, R. C. S., in setting forth the nature of plaintiff's demand.

The judgment recites due service was had. Such recital imports absolute verity. In such collateral attack of a judgment containing such recital the defendant cannot, at this time, question due service upon him. State Mortg. Corporation v. Affleck (Tex. Com. App.) 51 S. W. (2d) 274, and cases there cited. Also Newman v. City of El Paso, supra.

The two propositions are overruled.

Appellant submits that the original judgment having been rendered more than two years prior to the writ of assistance, and the original judgment not having provided for a writ of assistance, the trial court did not have jurisdiction to enter such order.

Appellant cites no authority to support the proposition. We see no reason why the court would lose jurisdiction to issue the writ by reason of the passing of two years between the entry of judgment and the order granting the writ. Had the court made any order as to the writ, such order would necessarily have been a conditional order. Appellant, under articles 7308 and 7313, had the right, respectively, to redeem the land from the foreclosure sale at any time prior to the sale, and had two years from the date of the collector's deed to the purchaser at the foreclosure sale to redeem the same by paying to the purchaser the amount prescribed by the statute. The court could not anticipate that appellant would not redeem the land as provided nor that a writ of assistance would be necessary. It is not suggested that the right to enforce the execution of the judgment had ceased by reason of dormancy or any lapse of time provided in the statutes. By article 2217 it is made the duty of the trial court to cause its judgments and decrees to be carried into execution, and a judgment is ordinarily enforced by writ or other appropriate process directed to the proper officer.

Appellant suggests no equitable defense against the enforcement of the judgment, or the writ of assistance.

The case is affirmed.