## NEWMAN v. CITY OF EL PASO.
### No. 3083.

Court of Civil Appeals of Texas. El Paso.
Nov. 8, 1934.

Rehearing Denied Nov. 28, 1934.

R. J. Channell, of El Paso, for appellant.

J. H. McBroom, City Atty., and Theo. Joseph, Jos. J. Roybal, and Frank Clayton, Asst. City Attys., all of El Paso, for appellee.

HIGGINS, Justice.

On December 2, 1922, the city of El Paso, in cause No. 22679, recovered judgment by default against appellant, R. Lee Newman, in the lump sum of $987.90 for taxes for the years 1907 to 1912, inclusive, and 1921, interest, penalties, and costs, with foreclosure of the tax lien against lots 11 to 16, inclusive, in block 55, Magoffin's addition to the city of El Paso.

Order of sale was issued and the property sold to said city on the first Tuesday in July, 1923, for the amount of the judgment.

Newman remained in possession of the premises. On October 23, 1933, the city filed in said cause an application for writ of assistance to place it in possession. Newman appeared and resisted the application. After a hearing the court entered an order finding the city was entitled to the writ as against Newman and all other persons claiming under him and ordered such writ to issue commanding the sheriff to forthwith enter upon and take possession of the property and deliver same to the city. From this order Newman appeals.

This court recently held, in Alderete v. City of El Paso, 77 S.W.(2d) 719, that an appeal would not lie from such order and dismissed that appeal for want of jurisdiction. The question of jurisdiction was not raised in the case and such action was taken by the court upon its motion. It is established by numerous cases that appeals to this court can be taken from final judgments only with certain exceptions specially authorized by statute. In the case mentioned we were of the opinion the order for the writ was not the final judgment in the case.

and since there was no statute authorizing an appeal from such an order, the same was not appealable.

In this case the question has been briefed and the conclusion reached that the order is a final judgment from which an appeal will lie.

In other jurisdictions it is very generally held that an order granting or denying an application for a writ of assistance is appealable. 2 R. C. L. 739, § 14; 5 C. J. 1327, § 27; notes in 10 Ann. Cas. 1042, and Ann. Cas. 1913D, 1120.

To this rule in other states we attach but little importance, for we are not advised of their statutory provisions governing the right of appeal.

■ However, our attention is called to Voigtlander v. Brotze, 59 Tex. 286, where our Supreme Court considered an appeal from an order of a district court granting a writ of assistance and disposed of the appeal upon its merits.

Unless the order was considered to be a final judgment in the appealable sense the Supreme Court would have been without jurisdiction, for if it were not so considered the constitutional and statutory provisions at that time governing the jurisdiction of the Supreme Court and right of appeal would have precluded the court from assuming jurisdiction. Article 5, § 3, Constitution of 1876; chapter 3, title 26 (articles 1011–1016), and articles 1337 and 1380, R. S. 1879.

In that case no point was made as to the appealable nature of the order and the court did not refer to the question. By disposing of the appeal upon its merits the court, by implication, held the order to be appealable. The concluding paragraph of Justice West's opinion in the case reads: "This power was very properly exercised by the court, in this case, for the purpose of letting the purchaser into the possession and enjoyment of the property purchased under the decree of the court, without the necessity of resorting to an expensive and vexatious suit, to attain, after much delay, the same object."

This quotation shows the court regarded the application for the writ as serving the purpose of an independent suit for possession and the order as serving the purpose of a judgment for possession in such a suit. The final judgment in such a suit would be appealable, and since an order granting or denying a writ of assistance serves the purpose of a final judgment, it should be treated as such in the appealable sense.

We are, therefore, of the opinion we erred in dismissing the appeal in the Alderete Case and will consider this appeal upon its merits.

Appellant presents three propositions attacking the original judgment of foreclosure. Briefly stated, they are to the effect that such judgment and the sale thereunder are void, because:

1. The evidence shows defendant was not the sole owner of the property.

2. The evidence shows the land consisted of two parcels of three lots each, which two parcels had been rendered and assessed on the tax rolls as separate parcels; wherefore, the judgment in solido for a lump sum and foreclosure against the six lots and the sale thereunder are void.

3. The evidence shows that for many years prior to the institution of the original suit and continuously since, a part of the land was and is now appellant's homestead, wherefore the judgment in solido against all the lots and sale thereunder is void.

The evidence to which these propositions refer is that offered by defendant upon the hearing of the application for the writ in resistance thereof.

It is quite well settled in other jurisdictions that the defendant in defense of an application for the writ of assistance cannot renew the original contest by injecting defensive matter which should have been presented in bar of the judgment. This rule, however, does not preclude inquiry into the jurisdiction of the court which rendered the judgment. 5 C. J. 1322, § 13; 2 R. C. L. 739.

■■ The practice in this state is not settled, for the writ has been seldom invoked; our statute (article 2219, R. S.) rendering the writ unnecessary in ordinary foreclosures. As stated above, the application for the writ and the order for its issuance serves the purpose of an independent suit and judgment for possession. In such an independent suit no defense would be permitted which collaterally attacked the judgment except matter which rendered the judgment void and subject to collateral attack. The same rule applies here. 5 C. J. title, Assistance, Writ of, §§ 13 and 23; 2 R. C. L. title, Assistance, Writ of, § 13; Sutor Bros. v. Herbert, 117 Kan. 535, 232 P. 594.

■ Conceding that appellant is not the sole owner of the lots, this does not render the judgment void as to him. Others owning interests in the lots, if any, are not bound by the judgment, but the defendant is. Adams v. West Lumber Co. (Tex. Civ. App.)

162 S. W. 974; Lippincott v. Taylor (Tex. Civ. App.) 135 S. W. 1070; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Sanchez v. Hillyer-Deutsch-Jarratt Co. (Tex. Civ. App.) 27 S.W.(2d) 634; State Mortgage Corporation v. Garden (Tex. Civ. App.) 11 S.W.(2d) 212.

In considering the second and third propositions it must be borne in mind that it is definitely determined by the Supreme Court in State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.(2d) 950, 952, that in foreclosing a tax lien upon land the district court is not exercising a special and limited jurisdiction as was held by the trial court and Court of Civil Appeals in that case. In that case Justice Greenwood further held "that decrees of the district court entered in suits to foreclose tax liens are supported by all the presumptions which uphold judgments of domestic courts of general jurisdiction."

The court also announced its adherence to the rule announced in Murchison v. White, 54 Tex. 82, that "the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows affirmatively that its jurisdiction did not attach in the particular case."

In the Ludwig Case it was further held: "It suffices to dispose of the attack on the tax judgment before us as a nullity because a lien was enforced against two separate lots for taxes on their aggregate value, that there is nothing in the record of the tax suit nor even in the averments of defendant in error's pleadings to repel the presumption that the foreclosure followed a rendition by Albert Ludwig of both lots for taxation as one. We hold that the owner of lots, or of an interest therein, or his assigns, who is thus responsible for the taxing authorities treating two parcels as one, will never be allowed to successfully attack, on that ground alone, the assessment, nor subsequent proceedings for the collection of the taxes."

In Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 328, it is said: There is "another rule of law, equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. There-

fore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him."

In Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329, 333, Justice Denman said: "It is well settled that where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause of which it has jurisdiction, such judgment is never void, no matter how erroneous it may appear from the face of the record or otherwise to be. * * * It may be considered the settled rule that if the record of the cause in which such judgments were rendered does not negative the existence of the facts authorizing the court to make the particular order, the law conclusively presumes that such facts were established by the evidence before the court when such orders or judgments were rendered, and evidence of matters dehors the record to the contrary will not be received."

All of the pleadings and other portions of the record in the original suit were lost except the judgment, order of sale, and the sheriff's return thereon. There is no evidence aliunde of the contents of such pleadings and other portions of the record.

■ The district court has jurisdiction of suits to recover taxes and foreclose liens upon land securing the payment of such taxes.

■ Under the settled rules of law quoted above, it must be presumed in this collateral proceeding that the six lots were rendered by appellant as one parcel of land; therefore, he cannot successfully defend by evidence aliunde that they were not so rendered. Those are matters which do not affect the jurisdiction of the court and should have been presented as defensive matter in the original suit. State Mtg. Corp. v. Ludwig, supra.

■ The judgment recites due service upon the defendant, it is regular upon its face in every way, and under the rules of law to which we have referred, such judgment is not void because it foreclosed the tax lien in solido against all six lots. Stevenson v. Mills (Tex. Civ. App.) 14 S.W.(2d) 94; Cockrell v. Steffens (Tex. Civ. App.) 284 S. W. 608; Lacy v. Sanders (Tex. Civ. App.) 295 S. W. 288.

■ Upon like considerations it follows that the fact that three of the lots constituted the appellant's homestead does not render the in solido judgment of foreclosure and sale void, unless it can be said that such homestead feature deprived the court of jurisdiction.

Upon this jurisdictional question we regard as decisive the cases of Gehret v. Hetkes (Tex. Com. App.) 36 S.W.(2d) 700, 701, and Waitz v. Uvalde R. A. Co. (Tex. Civ. App.) 58 S.W.(2d) 884, 886. These cases presented collateral attacks upon default judgments foreclosing paving liens against homesteads.

In Gehret v. Hetkes, Judge Ryan, speaking for the Commission of Appeals, said:

"Gehret and wife were duly cited in the suit on the paving lien. They made default. Judgment was regularly entered, and the fact that this property was Gehret's homestead nowhere appears in any part of the judgment roll.

"Neither the petition, citation, nor judgment contains any intimation that the property was Gehret's homestead; it appears from the record itself that the court had jurisdiction of the parties to, and the subject-matter of, the suit. The judgment is therefore not void.

"A voidable judgment is one rendered by a court having jurisdiction but which was irregularly and erroneously rendered. Such a judgment is valid until vacated by a direct proceeding instituted for that purpose or until reversed on appeal or writ of error. Murchison· v. White, 54 Tex. 78; Wheeler v. Ahrenbeak, 54 Tex. 535; Odle v. Frost, 59 Tex. 684; Buchanan v. Bilger, 64 Tex. 589.

"Whether a judgment of a court of record is void or voidable must be determined from an inspection of the record. If the record discloses that the court rendering such judgment was without jurisdiction, the same is void and open to attack in a collateral proceeding; if it does not, the judgment is merely voidable and can be attacked only in a direct proceeding. Morris v. Halbert, 36 Tex. 19; Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Ringgold v. Graham (Tex. Com. App.) 13 S.W.(2d) 355.

"Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 55, 803, 53 Am. St. Rep. 770, and Barnett v. Eureka Paving Co. (Tex. Com. App.) 234 S. W. 1081, 1082, cited by plaintiffs in error, are not in conflict with the rule announced above. In both those cases want of jurisdiction appeared upon the face of the record. This is apparent in the quotation from Judge Brown's opinion in the Bordages Case,

wherein he said, 'These facts, showing want of jurisdiction of the subject-matter of the suit, appeared upon the face of the record'; and from Judge Kittrell's opinion in the Barnett Case, discussing the question that the petition showed on its face that the property in question was defendant's homestead, wherein he said, 'It is but juggling with words to say that it did not appear in the original suit that foreclosure of the lien was sought against a homestead,' and 'the very terms of the decree itself show that the court was dealing with the property as homestead property.'

"It is plain from those quotations that in both said cases the records affirmatively · showed the lack of jurisdiction over the subject-matter, whereas here the record in the judgment attacked is silent on the subject of Gehret's homestead claim.

"We think that the original judgment is not void, but only voidable at most, and the term of the court at which it was rendered having expired, it could be set aside only by bill of review brought by Gehret and wife. Gross v. McClaran, 8 Tex. 341; McKean v. Ziller, 9 Tex. 58."

In Waitz v. Uvalde R. A. Co., Chief Justice Walker said: "Since appellant Louis A. Guessaz did not plead the issue of homestead in the foreclosure suit, and it was not pleaded for him by the attorney appointed by the court to represent him therein, the judgment against him foreclosing the paving lien was a bar to his homestead claim as against the collateral attack made upon that judgment by the pleadings in this case. Shonaker v. Citizens' Loan & Investment Co. (Tex. Civ. App.) 8 S.W.(2d) 566, 567; Baxter v. Dear, 24 Tex. 17, 76 Am. Dec. 89; Gehret v. Hetkes (Tex. Com. App.) 36 S.W.(2d) 700."

The distinguishing feature of Higgins v. Bordages, 88 Tex. 458,· 31 S. W. 52, 803, 53 Am. St. Rep. 770, and Barnett v. Eureka Paving Company (Tex. Com. App.) 234 S. W. 1081, as pointed out in Judge Ryan's opinion, is that in those cases the homestead character of the land was apparent upon the face of the petition and judgment, which is not shown to be the case here.

The cases cited by appellant in this connection, with the exception of Tate v. McGraw (Tex. Civ. App.) 70 S.W.(2d) 467, Id. (Tex. Civ. App.) 73 S.W.(2d) 559, are either not in point or were decided previous to the rulings in State Mortgage Corp. v. Ludwig, Gehret v. Hetkes and Waitz v. Uvalde R. A. Co., supra.

In Tate v. McGraw it was held that a tax judgment of foreclosure and ordering sale of a homestead for not only taxes due thereon and penalty, but poll taxes and costs of suit as well, was void. The ruling, it seems, was predicated upon the theory that the attempted foreclosure was void because of want of jurisdiction of the district court to foreclose upon the homestead for anything except the taxes and penalties. Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916, was cited in support of the ruling that the homestead character of the land operated as a limitation upon the jurisdiction of the district court in foreclosure proceedings against it. That case involved the validity of an administrator's deed of a homestead sold under order of the probate court to pay debts not chargeable as a lien against the same. But in that case Chief Justice Cureton pointed out [117 Tex. at page 485, 8 S.W. (2d) 633, at page 638] that:

"The jurisdiction and power of probate courts to order the sale of homestead property, where heirs survive, is limited not only by the statutes, but by the Constitution itself. Const. art. 16, §§ 50, 52; R. S. art. 3499, and others previously cited.

"These constitutional and statutory exemptions are controlling and dominant limitations upon all the powers of government and upon all individuals and officers engaged in the execution of these powers.

"It is too plain for argument that a probate court in dealing with the subject of the sale of a homestead is not acting under its broad general powers as a probate court, in aid of which the usual presumptions apply, nor under its common-law powers, but is acting within a specially limited field of jurisdiction declared by the Constitution and statutes."

In State Mtg. Corp. v. Ludwig, supra, where a homestead issue was involved, Justice Greenwood unequivocally rejected the view that a district court in foreclosing a tax lien on land was exercising a special limited jurisdiction and held, upon the authority of Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490, "that decrees of the district court entered in suits to foreclose tax liens are supported by all the presumptions which uphold judgments of domestic courts of general jurisdiction."

We regard the ruling in Tate v. McGraw as based upon a theory rejected by the Supreme Court in the Ludwig Case, and this court must follow the latter case.

Other cases cited in Tate v. McGraw are Hayes v. Taylor, 17 Tex. Civ. App. 449, 43 S. W. 314, Wright v. Straub, 64 Tex. 64, and Higgins v. Bordages, supra. These first two cases involved the validity of nonjudicial tax sales. The distinguishing feature of Higgins v. Bordages is pointed out in Gehret v. Hetkes, supra.

The original judgment in this case and order for the writ of assistance does not affect any one except the appellant, and for the reasons stated we are of the opinion that the original judgment in this case is not void so as to subject it to collateral attack upon the grounds urged by appellant.

It follows the order appealed from should be affirmed. It is so ordered.

Affirmed.