## CLARK v. PULS et al.
### No. 5699.

Court of Civil Appeals of Texas. Amarillo.

Feb. 4, 1946.

Rehearing Denied March 4, 1946.

906

Boyer & McConnell, of Perryton, for appellant.

Hoover, Hoover & Cussen, of Canadian, and R. T. Correll, of Perryton, for appellees.

STOKES, Justice.

On July 8, 1942, the City of Booker, a municipal corporation located in Ochiltree and Lipscomb Counties, filed a suit in the District Court of Lipscomb County against the appellee, Ed Puls, to recover delinquent taxes due and owing by him and to foreclose its tax lien upon out lots 1, 2, 8, and 9, located in the City of Booker. The plaintiff in that case impleaded also Lipscomb County, Ochiltree County, Booker Independent School District, Huntoon Independent School District, and the State of Texas, alleging that each of them also held claims against Puls and his property for delinquent taxes, and prayed that they be cited to enter the suit and set up their respective claims. The State of Texas and the impleaded municipal corporations appeared and presented their respective claims but, although duly cited, Puls failed to appear or file an answer. On March 30, 1943, the case was regularly called and judgment by default was entered against Puls in favor of the plaintiff and the impleaded defendants for the respective amounts due them as taxes, the judgment being for the total sum of $3541.23, and the tax liens were foreclosed. On May 6, 1943, an order of sale was duly issued upon the judgment, placed in the hands of the Sheriff of Lipscomb County, who advertised the out lots for sale on June 1, 1943, at which time they were sold at public auction to the appellant, Earl Clark, for $3600, and a sher-

iff's deed was immediately executed and delivered to the purchaser upon his payment to the sheriff of the amount called for by his bid. Appellee, Ed Puls, was present at the sale but did not bid. He stated after the sale that the purchaser had bought a lawsuit. The appellee, Cynthia M. Puls, read the notice of the sale published in the newspaper.

On March 16, 1945, the appellee, Cynthia M. Puls, wife of Ed Puls, joined by her husband, filed the instant suit against the appellant, Earl Clark, alleging that she was not a party to the tax suit; that she was a married woman and that prior to the year 1930 she and her husband, Ed Puls, purchased and established their homestead on out lots 1, 2, 8, and 9 in the town of Booker; that they erected thereon a residence and had openly and notoriously used and occupied the same as their homestead at all times since its appropriation as such. They further alleged that the judgment entered in the tax suit of the City of Booker included $930.27 which represented delinquent taxes owing by Ed Puls upon personal property and poll taxes assessed against him for the several years in which the taxes sued for had accrued; that, to that extent, the taxes sued for by the plaintiff and the impleaded defendants did not constitute a lien upon their homestead and, although no lien existed upon their homestead to secure the same, the judgment attempted to foreclose the tax liens for the amount due by Puls on personal property and as poll taxes. They alleged that the tax judgment was therefore void and did not form a legal basis for the order of sale and sheriff's deed. They alleged, on behalf of Cynthia M. Puls, that the appellant was not entitled to be reimbursed any sum paid by him, but in the event, and only in the event, that the court should find or hold that he was entitled to reimbursement she tendered to pay into court, or as the court might direct, any and all sums that would be and are legally chargeable against her said homestead property. The appellees prayed for judgment vacating and setting aside the sheriff's sale and the deed executed by him conveying the property to the appellant, for cancellation of the purported lien of the judgment, declaring the same to be void and of no force and effect as against their homestead property, that all cloud cast upon the title of same by the judgment and the proceedings in the tax suit be vacated and held for naught, and that Cynthia M. Puls be quieted in her title and possession thereof.

Appellant answered by numerous exceptions to the petition, in which, as well as in his answer, he challenged the appellees' suit as being a collateral attack upon a valid judgment of a court of competent jurisdiction, all of which were overruled and denied by the court. He set up his purchase of the property, payment of the amount bid therefor, and the deed executed to him by the Sheriff of Lipscomb County. He alleged further that if personal property taxes and poll taxes were included in the judgment he did not know of it at the time of his purchase; that his bid was a bona fide one; that he had paid for the property the amount of his bid, and was therefore an innocent purchaser for value.

The case was submitted to the court without the intervention of a jury, and at the conclusion of the trial judgment was rendered in favor of the appellees, canceling and annulling the sheriff's sale and deed executed by the sheriff, removing the cloud cast upon the title of appellees thereby, divesting appellant of any title, and investing the same in the appellees, to which appellant excepted and from which he has perfected an appeal to this Court.

A large number of assignments of error are presented in the brief but in the view we take of the case it will not be necessary to discuss them in detail. The case is controlled by two contentions presented by the assignments of error, which are to the effect, first, that the court erred in overruling appellant's special exceptions and in entering judgment against him, because the appellees' suit constituted a collateral attack upon the judgment in the tax suit and the judgment in that cause was not subject to such an attack; and, secondly, that the court erred in overruling his exceptions and rendering judgment against him in favor of the appellees, because Cynthia M. Puls was bound by the judgment rendered against her husband in the tax suit, that she was not a necessary party thereto, and therefore had no right to maintain this suit in the nature of a collateral attack upon the judgment in the former cause.

The statement of facts does not reveal in a plain and satisfactory manner the exact amount of personal property taxes and poll taxes that were included in the tax judgment. The court found, however, that the judgment included poll taxes and taxes upon personal property in a substantial amount and that the tax liens were foreclosed upon the homestead of the appellees for the pur-

pose of paying the personal property taxes and poll taxes as well as the taxes due upon the homestead property. Appellees assert in their pleadings and in their brief that the amount of these items was $930.27 and, since it is not controverted by the appellant, we assume that the judgment included the amount claimed by the appellees.

Appellant contends that this suit constitutes a collateral attack upon the judgment in the tax suit and that such an attack can not be made upon that judgment. He contends further that appellee, Cynthia M. Puls, being the wife of Ed Puls, was not a necessary party to the tax suit and was bound by the judgment. In our opinion, both of these contentions must be sustained.

■ It has long been the rule in this State that where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause of which it has jurisdiction, the judgment is never void regardless of how erroneous it may appear from the record or otherwise. Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66; Newman v. City of El Paso, Tex.Civ.App., 77 S.W.2d 721; Longmire v. Taylor, Tex.Civ.App., 109 S.W.2d 525.

■ No question is raised as to the authority and power of the District Court of Lipscomb County to entertain jurisdiction and adjudicate the issues presented in the tax suit, nor could such a contention be successfully made, because that court undoubtedly had jurisdiction of every item of indebtedness alleged in the petition and also of the tax liens sought to be enforced. The taxes due by Ed Puls upon personal property and the poll taxes owing by him were not secured by the tax liens which secured the amount of taxes due by him upon his homestead property, and the judgment which foreclosed the tax liens and authorized the sale of the homestead property to pay the entire judgment was erroneous to the extent of the personal property taxes and the poll taxes. Since the court had jurisdiction of the entire cause, however, the error committed in subjecting the property to the payment of more taxes than were due upon the homestead property itself did not render the judgment void, but voidable only. Being voidable and not void, it was subject only to a direct attack, such as a motion for rehearing, an appeal, or perhaps an equitable bill of review. None of these

having been appropriated by the defendant in that case, the judgment became final and, although it was erroneous to the extent of the personal property taxes and poll taxes, since it was not void, it cannot be attacked in a collateral proceeding such as this. Washington v. Giles, Tex.Civ.App., 258 S.W. 900, 903.

In the Washington case, supra, it was contended by the appellants that their homestead had been sold, and purchased by the appellee, under an order of sale issued upon a former judgment foreclosing a lien for taxes and that the judgment included attorney's fees and interest which, being in excess of the actual taxes due, constituted an excess in the judgment for an amount for which the homestead was not liable. The Court held that the charges were legal but in the opinion said:

"If, therefore, it be conceded that Washington and wife could by proper plea of homestead in those (the tax) suits have defeated a recovery for interest on the judgments and the $3 attorney's fee taxed as costs, they could not now attack said judgments collaterally as they are attempting to do here; * * *."

Appellees contend with much earnestness that this case is controlled by the holding of the Supreme Court in the case of Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916. Briefly stated, the facts in that case were that Mrs. Niblo owned certain lots in the city of Dallas and was occupying them as her homestead at the time of her death. The property was free from liens or encumbrances and after the death of Mrs. Niblo her children continued to occupy the property as their homestead. The homestead property was ordered sold by the probate court for the purpose of paying general creditors of the estate of Mrs. Niblo, and the controlling question in the case was whether in the suit, it being a collateral proceeding, the orders of the probate court directing and approving the sale of the homestead property might be attacked. The Court held that such proceeding could be maintained because the order of the probate court under which the homestead was sold was void for lack of jurisdiction over the subject matter, even though its void character did not appear upon the face of the record. The appellees contend that the instant case presents an identical question, but we think otherwise. As said in the Niblo case, we have various statutes, the effect of which is to withdraw

homestead property from the jurisdiction of the probate court and deny to it power to administer the homestead except where debts exist for which such an estate is constitutionally liable. These constitutional and statutory exemptions amount to a withdrawal of the homestead from the jurisdiction of probate courts in the absence of liabilities for which it may be held under the Constitution and statutes. The Court said further that the jurisdiction and power of probate courts to order the sale of homestead property, where heirs survive, is limited not only by statute but by the Constitution itself, and the holding was to the effect that a probate court, in dealing with the sale of a homestead, is not acting under its broad general powers as a probate court, in aid of which the usual presumptions apply, but is acting within a specially limited field of jurisdiction declared by the Constitution and the statutes.

Under our Constitution and statutes the district court is a court of general jurisdiction, and the District Court of Lipscomb County undoubtedly had jurisdiction of the tax suit, including the power to foreclose the tax lien upon the homestead. This presents a situation entirely different from that presented to the court in the Niblo case, and marks the distinction between those cases in which a collateral attack upon a judgment is permitted and those in which the right to make such an attack is denied.

■ The judgment rendered by the court in the tax suit is regular upon its face. It recites that service of citation was duly had upon the defendant, Ed Puls. There is nothing in the judgment nor in the record of that case which shows, or even indicates, that the property was the homestead of the appellees or that taxes other than those for which the homestead was legally liable were included in the judgment. All of the testimony in this case to that effect was aliunde the record in the tax suit. It is settled by a long line of decisions of the courts of this State that such a judgment is not void. It is valid and subsisting until set aside or vacated by a direct proceeding instituted for that purpose. Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Maury v. Turner, Tex.Com. App., 244 S.W. 809; Ringgold v. Graham, Tex.Com.App., 13 S.W.2d 355; Newman v. City of El Paso, Tex.Civ.App., 77 S.W. 2d 721.

The case of Newman v. City of El Paso, supra, involved facts very similar to those involved in this case. It was contended that the tax judgment in the former suit included taxes that were due upon lots other than those which constituted the homestead of the appellant and that because the tax lien had been foreclosed upon the homestead for such extra taxes, the judgment was void and subject to collateral attack. In an able opinion written by Justice Higgins, the Court overruled the contention and held, among other things, that in a collateral attack upon a judgment, the law does not permit inquiry into any fact which a court of general jurisdiction must have passed upon in rendering a judgment in a case of which it had jurisdiction. The very purpose of the tax suit was to ascertain whether or not taxes were due by the defendant, Ed Puls, and, if so, the amount thereof and whether or not a lien existed upon certain property to secure their payment. Those matters were adjudicated by the court in that case and, since the court was clothed with jurisdiction to do so, its judgment is not subject to the attack which the appellees seek to make upon it in this case.

■ Another contention presented by the appellees is that in the Cline v. Niblo case, supra, the Supreme Court held, in effect, that, notwithstanding the existence of the undoubted jurisdiction of the district court, when it forecloses an attachment lien on property and it is sold under orders of the court, the foreclosure does not shut off the right of one who claims a homestead right in it to litigate that question in a collateral proceeding. A number of cases are cited in support of the statement and it is unquestionably the law in this State. That rule does not apply to the instant case, however. An attachment lien does not come within the category of those liens permitted to be placed upon homestead property. It is an instrument created by the court and does not necessarily involve purchase money, taxes, or an amount due for improvements, and the Constitution specifically provides that the homestead shall be protected from forced sale for the payment of all debts except purchase money, taxes, or for work and material used in constructing improvements thereon. The Niblo case and the cases there cited do not hold that the district court does not have jurisdiction in such cases, but only that, when an attachment is foreclosed and the

homestead sold under orders of the court, such proceeding does not foreclose the right of one who claims the land as homestead to litigate that question in a collateral proceeding, referring, of course, only to those cases in which the homestead question was not litigated in the attachment proceeding. The instant case presents no such question. As we have already said, the District Court of Lipscomb County had jurisdiction of each and every item involved in the tax foreclosure proceeding. The most that can be said of its judgment is that it was erroneous because taxes other than those due upon the homestead itself were included in the judgment and the lien foreclosed on the homestead to pay them as well as those secured by the tax lien. Since the court had jurisdiction of the entire cause of action and rendered a judgment that was erroneous and therefore voidable only, its judgment is not subject to the collateral attack which appellees make upon it in this case.

■ Appellees contend they are not making a collateral attack upon the tax judgment. In their petition they allege no fact or condition which would indicate that the order of sale, the sale, and sheriff's deed were irregular. Their allegations are that the tax judgment is null and void and of no force or effect for the reason that Mrs. Puls was not a party to that suit and was, therefore, not bound by the judgment rendered therein. They allege further that the judgment is void for the reason that there were included in it certain taxes upon personal property and poll taxes for which, under the Constitution and laws of the State, the homestead is not liable. They allege that the tax judgment is void upon its face for the reason that it does not decree any amount as being due the several taxing units. They allege that, by reason of the fact last mentioned, if the judgment is not void, it is voidable. They allege that, notwithstanding the judgment was void and unenforcible, an order of sale was issued thereon and their property sold by the sheriff to satisfy it and a deed was executed by him, by which the property was attempted to be conveyed to the appellant, Earl Clark. They state in their petition that they are not seeking to set aside the judgment in the tax suit, however, and their prayer is not for cancellation of the judgment but for cancellation of the sheriff's deed and the purported lien of the judgment; and that all cloud cast upon the title to their property by reason of the

judgment and all proceedings had thereunder be removed, canceled, vacated, and held for naught, and that Mrs. Puls be quieted in her title and possession of the property.

The judgment entered by the court below responded to the prayer of the appellees by canceling, vacating, and holding for naught the sheriff's sale and the deed executed by him, removing all cloud cast upon the title by virtue thereof, and quieting the appellees in their title and possession of the property. That this constitutes a collateral attack upon the judgment in the tax suit, we think there can be no doubt. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Estey & Camp v. Williams, 66 Tex.Civ.App. 323, 133 S.W. 470; Smith v. Perkins, 81 Tex. 152, 16 S.W. 805, 26 Am.St.Rep. 794; Newman v. Mackey, 37 Tex.Civ.App. 85, 83 S.W. 31; Scudder v. Cox, 35 Tex.Civ.App. 416, 80 S.W. 872.

In the case of Estey & Camp v. Williams, supra, quoting from a recognized authority, the Court said [66 Tex.Civ.App. 323, 133 S.W. 471]:

"'If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or certiorari, or bill of review or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose, and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral. This is the case when the proceeding is founded upon the judgment in question, or upon its incidents or consequences as a judgment, or where the judgment forms a part of plaintiff's title or the evidence by which his claim is supported.'"

The other cases cited above are to the same general effect. According to their pleading, appellees are not seeking to set aside the judgment itself but only the sheriff's sale and the deed executed by him. These were the incidents or consequences of the judgment in the tax suit. Without the judgment they had no legal existence and before they could be destroyed the judgment must, in some manner, be

deprived of its virility. This is an independent proceeding instituted by them and, in addition to seeking cancellation of the sale and sheriff's deed, they pray that the cloud upon their title be removed. Even though appellees protest, both in their pleadings and in their brief, that they are not making an attack upon the judgment, in our opinion the effect of the proceeding instituted by them necessarily constitutes an attack thereon and, under the authorities we have cited and many others that could be cited, the attack made by them is a collateral one.

■■ The next contention presented by appellant is that Cynthia M. Puls was not a necessary party to the tax suit. This is strongly contested by the appellees, the latter's contention being that Mrs. Puls' plea of homestead would have been a defense to that portion of the tax judgment which foreclosed the tax lien to discharge the taxes due by Ed Puls upon personal property and poll taxes. The rule is well settled that, if her rights are to be foreclosed, the wife is a necessary party to a foreclosure suit brought against the husband, provided there is any defense growing out of her homestead rights which she could urge and thereby defeat the action. City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496; Smith v. New Waverly State Bank, Tex.Civ.App., 76 S.W.2d 201, and cases there cited. The rule applies only to cases in which rights may be asserted which will defeat the cause of action. It does not apply to every item that may be included in the action. Appellees do not claim that the homestead right of Cynthia Puls would have been a defense to the suit for the taxes levied against the homestead, but only that it would have been a defense to those items included in the judgment which were erroneously included therein. A similar contention was made in the case of City of San Antonio v. Berry, supra, and our Supreme Court held that the property in controversy being subject to be sold for the taxes due upon it, whether it was a homestead or not, there was no question of homestead involved in the case. To the same effect are the holdings in Brown v. Foster Lumber Co., Tex.Civ.App., 178 S.W. 787; Cooley v. Miller, Tex.Com.App., 228 S.W. 1085.

The judgment of the District Court of Lipscomb County in the tax suit, in its entirety, had to do with the exercising of a power specifically entrusted to that court by the Constitution and laws of the State, and not the power itself. It had jurisdiction of the tax suit in its entirety and unquestionably possessed power to render judgment therein. If, in doing so, items were included in the foreclosure of the tax lien on the homestead which were not properly chargeable to the homestead, an error was committed. The error had to do with the exercise of its power, however, and, to that extent, rendered its judgment voidable, but did not make it void.

As indicated by what we have said, in our opinion the court below erred in overruling appellant's special exception to the effect that appellees' cause of action constituted a collateral attack upon the judgment in the tax suit and in rendering judgment against him, and also in overruling his exceptions to the effect that Cynthia Puls had no right to make such collateral attack on that judgment.

According to the record before us and the authorities we have cited, under the order of sale issued upon the tax foreclosure judgment and the sheriff's deed executed and delivered to him by the Sheriff of Lipscomb County, appellant procured title to the property involved. The case seems to have been fully developed and no useful purpose can be served by another trial. The judgment of the court below will therefore be reversed and judgment here rendered denying any relief to appellees and taxing against them the costs incurred in this Court and in the court below.

BOYCE, Justice (concurring).

I concur in the disposition made of the case, but for reasons different from those stated by Justice Stokes.

Cynthia M. Puls was not a party to the suit brought by the City of Booker to collect taxes. Ordinarily a person who is not a party to a suit is not bound by the judgment rendered therein. Scales v. Wren, 103 Tex. 304, 127 S.W. 164; White House Lumber Co. v. Denny, Tex.Civ.App., 75 S.W.2d 709, writ of error refused. Strangers to a judgment may attack it collaterally or otherwise as they see fit. Urban v. Bagby, Tex.Com.App., 291 S.W. 537; Thomas v. Farris, Tex.Civ.App., 132 S.W.2d 435, writ of error dismissed, judgment correct. When the wife's interest in the homestead will defeat an action involving it, she must be made a party to the

suit if she is to be bound by the judgment. Jergens v. Schiele, 61 Tex. 255; Behrens v. Behrens, Tex.Civ.App., 186 S.W.2d 697; Speer's Law of Marital Rights in Texas, Section 522. The pleadings of a stranger to a judgment, in an attack on the judgment are sufficient if they show a meritorious defense to at least a substantial part of the judgment. National Loan & Investment Co. v. L. W. Pelphrey & Co., Tex. Civ.App., 39 S.W.2d 926.

The petition of the appellee, Cynthia M. Puls, in this suit to nullify the sale of the homestead shows that she had a defense to the judgment under which the sale was held to the extent that the judgment ordered a sale of the homestead to satisfy personal property and poll taxes. In the case of National Loan & Investment Co. v. L. W. Pelphrey & Co., supra, the Loan Company brought suit to enjoin an execution sale of property on which it held a lien subordinate to that of Pelphrey & Co. Pelphrey & Co. were paving contractors and had obtained a judgment foreclosing an assessment lien on the property. The Loan Company was not a party to the foreclosure suit. It sought to enjoin the execution sale on the ground that excessive attorneys' fees had been allowed in the foreclosure suit. The Loan Company obtained a temporary injunction and appealed from the order of the trial court dissolving it. The Court of Civil Appeals held that the Loan Company, being a stranger to the foreclosure suit, could attack the judgment in it collaterally on the pleading that the attorneys' fees were unreasonable and constituted an excessive charge ahead of its inferior lien, reinstated the temporary injunction, and remanded the case for trial on its merits.

I can perceive no distinction in principle between that case and this. The equities alleged by Mrs. Puls were equally convincing; a substantial part of the judgment, more than twenty-five per cent, in the suit of the City of Booker represented delinquent personal property and poll taxes not secured by a lien on the homestead.

Therefore, I am of the opinion that whether appellees' suit constitutes a direct or collateral attack on the judgment in the City of Booker case is not decisive of this appeal.

The judgment in the tax suit was, however, binding on Mrs. Puls to the extent that it foreclosed a lien on the homestead for taxes chargeable against it. One line of decisions holds that sale of a homestead on foreclosure of a lien securing a debt for a sum larger than the amount with which the property was properly chargeable is void and conveys no title. Wright v. Straub, 64 Tex. 64; Girardeau v. Perkins, 59 Tex.Civ.App. 552, 126 S.W. 633, writ of error refused; Hatch v. Kubena, Tex.Civ. App., 190 S.W.2d 175, writ of error granted and case pending in the Supreme Court. This line of authorities apparently stems from Wright v. Straub, supra, which involved a summary tax sale. The strict rules followed in determining the validity of summary tax sales do not apply to judicial tax sales, which are controlled by the rules governing judicial sales generally. Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490; Restivo v. Franklin, Tex.Civ.App., 177 S.W.2d 811, writ of error refused. Another line of cases holds that the sale of a homestead on foreclosure of a lien securing a debt for a sum larger than the amount with which the property is properly chargeable conveys title if any part of the debt is secured by a valid lien on the property and is due and owing. W. C. Belcher Land Mortgage Co. v. Taylor, Tex. Com.App., 212 S.W. 647; Floyd v. Hammond, Tex.Com.App., 268 S.W. 146; Wood v. Eastland Building & Loan Ass'n, Tex. Civ.App., 75 S.W.2d 466, writ of error refused; Breitkreutz v. Cook, 135 Tex. 574, 144 S.W.2d 534. Although the sales in the cases last cited were made by virtue of deeds of trust, it seems to me that the reasons for upholding such sales are equally applicable to judicial tax sales. I am also of the opinion that the reasons for upholding such sales are more cogent than those assigned for holding such sales void. It follows that the appellant acquired title to the appellees' homestead at the sheriff's sale in the City of Booker suit and that appellees can defeat such title only by showing equitable grounds therefor.

As Mrs. Puls had no defense to that part of the City of Booker suit seeking to foreclose a lien on her homestead for taxes properly chargeable against it and was therefore bound by the judgment to that extent, it became necessary for her to make a timely offer to pay those taxes in order to avoid the effect of the foreclosure sale. Floyd v. Hammond, supra. The time for making such offer was prior to the sale. Miller v. Gibralter Sav. & Bldg.

Ass'n, Tex.Civ.App., 132 S.W.2d 606, writ of error dismissed, judgment correct; Breitkreutz v. Cook, supra.

The appellee, Cynthia M. Puls, having failed to tender the amount legally due as taxes on her homestead prior to its sale for such taxes, cannot now, by an offer to do equity, defeat the title acquired by the appellant at such sale.

For the reasons stated I concur in the judgment reversing and rendering that of the trial court.

### On Motion for Rehearing.

#### PER CURIAM.

In their motion for rehearing, appellees contend that instead of rendering judgment for appellant on the reversal of this cause, this Court should have remanded the case for another trial. In support of their contention they urge that their original petition, on which the suit was tried and which was filed within two years from the date of the sale of the property, contains a tender of the amount required under Article 7283, Vernon's Annotated Civil Statutes, to redeem their property.

■■ Article 7283 pertains to summary sales by the tax collector and is not applicable here. Section 12 of Article 7345b, Vernon's Annotated Civil Statutes, applies to redemptions from judicial tax sales in a suit of the nature of that brought by the City of Booker against Ed Puls. City of El Paso v. Forti, 142 Tex. 658, 181 S.W.2d 579. The statute provides that the owner of the property, or anyone having an interest therein, may redeem the property within the second and last year of the redemption period upon the payment of the amount bid by the purchaser at the sale, a one dollar tax deed recording fee, and all taxes, penalties, interest, and costs thereafter paid thereon, plus fifty per cent of the aggregate total.

The allegations of appellees' original petition relied upon as showing a tender are as follows:

"Plaintiff shows the court that the defendant Earl Clark is not entitled to be reimbursed for any sum paid by him in connection with said sale and purchase, by reason of the matters hereinbefore stated, but in the event and only in the event that the court should find or hold that the said Earl Clark is entitled to reimbursement, and only in such event, plaintiff still insisting that he is not entitled to any

reimbursement, she here and now tenders to pay into court, or as the court may direct, any and all sums that would be and are legally chargeable against her said homestead property, here tendering to do full equity as may be determined under the constitution, law and facts of this case by the court."

Additional, and more particular, allegations are found in the prayer:

"That in the event it should be held or decreed that the said defendant Clark is entitled to any reimbursement that this plaintiff be required to reimburse only the amount of the lawful taxes, interest and penalty lawfully chargeable against and which is shown to be a lien enforceable against said homestead property under the Constitution and laws of this State, * * *."

The appellees' first supplemental petition, which was also filed within the two year period, contains this language:

"And answering further herein, plaintiff here now again tenders into Court and offers to pay and will pay all sums of money that the Court finds to be a legal and constitutional charge against her said homestead, and such as were legally and constitutionally chargeable against her said homestead, in said Cause No. 864, in the District Court of Lipscomb County, Texas, and at all times since the rendition of such judgment and at the present time, and as the Court may hereafter direct."

■ Giving all reasonable intendments to the language of these pleadings, we think the inescapable conclusion is that the appellees first wanted a determination of the amount of taxes secured by a lien on the homestead, as distinguished from those not so secured, for the collection of which suit was brought by the City of Booker; that their offer was based on such determination and was limited to the payment of the secured taxes involved in that suit and to secured taxes subsequently accruing. This falls far short of the appellant's bid of $3600 for the property, the one dollar tax deed recording fee, taxes, penalties, interest, and costs thereafter paid on the property, plus fifty percent of the aggregate total, as required by the redemption statute.

At most, the appellees' offer was to pay what the trial court might direct. They were not litigating the amount of appellant's bid at the sale. The court could not

direct them to redeem the property, nor could the court properly determine the amount required to redeem when that issue was not raised. The issue raised was the extent to which appellant was entitled to reimbursement on account of taxes paid by him on behalf of the appellees, and not the amount to which he was entitled under the redemption statute.

It being our opinion that appellees' pleadings do not contain an offer to redeem the property, the motion for rehearing is overruled.