## COOK et al. v. BREITKREUTZ.

### No. 3367.

Court of Civil Appeals of Texas. Beaumont.
Jan. 12, 1939.

Rehearing Denied Jan. 18, 1939.

George N. Lusch, Grady C. Fuller, and P. Harvey, all of Houston, for appellants.

Emory T. Carl, Stewart & DeLange, Albert J. DeLange, Wm. M. Nathan, and Robert P. Beman, Jr., all of Houston, for appellee.

COMBS, Justice.

This appeal was prosecuted to the Galveston Court of Civil Appeals from a judgment of the district court of Harris County, entered on an instructed verdict, awarding appellee, Nannie Breitkreutz, judgment against appellants, Pinkie Cook and Ida Williams, for the title and possession of Lot No. 6 in Block No. 11 of the W. B.

Walker Addition to the City of Houston. The case is on the docket of this court by order of transfer by the Supreme Court.

For cause of action appellee plead in trespass to try title; then, in the alternative, the following facts: On the 19th day of October, 1929, Pinkie Cook executed a Mechanic's and Materialman's lien against the above described property in favor of George H. Graham, by the terms of which Graham was to make the following improvements on the property: One low tank closet and sewer; one opening in sewer for tub; one sewer tap; one opening in sewer for sink; in payment for the improvements, as per the terms of the contract, Pinkie Cook executed to Graham her promissory note of even date with the contract in the sum of $640 with interest at 8% per annum from date, and payable in monthly installments of $10. The $640 note and the lien by which it was secured were transferred by Graham to H. Breitkreutz. On December 13, 1929, Pinkie Cook executed to Breitkreutz her note for the sum of $1,242.50, with interest at 8% per annum from the date, payable in monthly installments of $15. Of even date with the note, Pinkie Cook, joined by other parties, executed to Meyer C. Wagner, trustee, a deed of trust on the above described property to secure Breitkreutz in the payment of his note in the sum of $1242.50; the deed of trust contained the following recitation: "Of the $1242.50 represented by the note above described, the sum of $638.-53 represents the unpaid balance of principal now remaining unpaid on that certain note for $640.00, executed by Pinkie Cook, widow, dated October 15, 1929, payable to the order of Geo. H. Graham, as more fully appears from the mechanic's lien contract between said Geo. H. Graham and Pinkie Cook, et al., recorded in Volume 181 Page 628, of the Harris County Contract Records, and $603.97 represents money advanced by said H. Breitkreutz, at our request, to pay off past due and current taxes, interest and penalties." Breitkreutz died on or about the 4th day of January, 1934, and by the terms of his will appellee was vested with ownership of the note for $1,242.50, and the lien by which it was secured. Appellants defaulted in their payments on the note, and under sale made by her trustee appellee purchased the above described property on the 6th day of August, 1935. Appellee's prayer was, first, for recovery of the title of the property on

her count in trespass to try title; and if not entitled to that relief, then she prayed for foreclosure of her deed of trust lien.

In answer to appellee's petition appellants plead the following defenses: (a) General and special demurrers, and general denial. (b) That the consideration for the Mechanic's lien and the $640 note, given to Graham, wholly failed, in that Graham did not install the improvements as required by the contract, and the improvements made by him were wholly worthless; and the improvements made by him did not constitute a substantial compliance with the contract. It was further alleged that Graham agreed to do the work for $200, and took a note for $640, and that the $440 added to the note was usury. It was further alleged that the actual improvements made by Graham were worth less than $100. It was further alleged that Breitkreutz was not an innocent holder of the $640 note. On this count, appellants prayed for a cancellation of the $640 note. (c) Answering the item of $603.97, added into the deed of trust and the $1242.50 note, appellants alleged that Breitkreutz had not paid for them on "past due and current taxes, interest and penalties," the sum of $603.97; that they had demanded of him a statement of the amounts paid by him on their account and that both he and appellee had refused to give them a statement. They had paid in excess of all sums due on this item. They also plead that the excess amount added to the actual amount paid by Breitkreutz constituted usury. (d) By the twelfth paragraph of her second amended original answer, Pinkie Cook itemized certain payments made by her on the Breitkreutz note; and offered to do equity and to pay appellee the balance due, if anything, on the note. Pinkie Cook further plead by trial amendment as follows: "Comes now the Defendant Pinkie Cook and with leave of Court first asked and obtained and files this her trial amendment to amend paragraph No. 12 of her second amended original answer on file in this cause to add thereto the following to more specifically allege the amounts of the payments made to H. Breitkreutz and to plaintiff as alleged in said paragraph: Defendant Pinkie Cook further alleges that she paid to H. Breitkreutz in cash money of the United States of America the sum of $15.00 per month for each and every calendar month from January 1930, to December 1933, inclusive amounting to $750.00 to apply on the indebtedness claim

ed by said H. Breitkreutz and plaintiff herein against her, and that she paid to plaintiff Mrs. Nannie Breitkreutz through her collector the sums of $15.00 on two separate occasions during the year 1934, the said amounts of $15.00 per month for the period of January 1930 to December 1933 includes the amounts specifically alleged in said paragraph 12 to have been paid before 1934, and the two amounts of $15.00 paid in 1934 to plaintiff's collector are not included in the specific amounts set out as having been paid during 1934 in said paragraph 12 and says the total amount paid by this defendant, and to him and to plaintiffs is and was $762.50."

The basic facts—the execution of the $640 note, the Mechanic's lien, the $1242.50 note, the deed of trust to Wagner, the death of Breitkreutz and the vesting of the title of the note in appellee, and the sale of the property to appellee by her trustee—were as plead by appellee. The evidence also raised certain defensive issues relied upon by appellants which we will notice below.

At the conclusion of the evidence the trial court overruled appellants' motion for instructed verdict and granted motion of appellee for instructed verdict, and entered a judgment in favor of appellee for title and possession of the property in controversy and adjudged that appellants take nothing by their various asserted causes of action.

## Opinion.

It is our conclusion that the trial court erred in taking the case from the jury and entering judgment for appellee. The evidence raised the following fact issues against appellee's deed of trust and the $1,242.50 note: (1) The evidence raised the issue that the improvements were not made in accordance with the contract, in that no connection was made with the city sewer, and without that connection the improvements had but little value to the appellants, and that the improvements made by Graham did not constitute a substantial compliance with the contract. The actual improvements made by Graham were of insignificant value as compared with the $640 set up in the note therefor. In that connection Arthur Jackson, a plumber of 17 years experience in the city of Houston, who installed a part of these improvements under Graham, stated that the installation made by Graham could have been made at that time for $92.50. In this connection the testimony raised the further issue that Gra-

ham agreed with Pinkie Cook to do the work for $200 and then took her note for $640. (2) The evidence raised the issue that Breitkreutz was not an innocent holder of the note but instead that he took the assignment from Graham with actual knowledge of all of the facts attending its execution, and of Graham's failure to make the improvements as contracted. (3) With respect to the item of $603.97 constituting a part of the note for $1,242.50, and recited as being for "past due and current taxes, interest and penalties" advanced by Breitkreutz for the account of Pinkie Cook, the evidence raised the issue that the note was usurious. J. L. Farb, a witness for appellee, testified that Breitkreutz paid taxes for the account of Pinkie Cook in the amount of only $478.87. Under the evidence the excess charged against Pinkie Cook by Breitkreutz in the note constituted usury. (4) The evidence raised the further issue that if the improvements made by Graham be given their reasonable value, and the amount charged in the note for tax payment advanced by Breitkreutz for the account of Pinkie Cook be reduced to the actual amount of taxes paid by Breitkreutz, then there is evidence that Pinkie Cook has paid an amount in excess of all sums justly due by her. She testified that she had paid on the note installments aggregating $726.50. (5) Appellants also plead, in explaining their default in payment of the note, that they demanded an accounting of Breitkreutz during his lifetime and also of appellee, and that both of them refused to give them an accounting and refused to accept anything else than the full face value of the note. They also plead that, before the sale by the trustee, they tendered to Breitkreutz and appellee an accounting and offered to pay any sum that was justly due. It is our view that under the facts disclosed by this record, and briefly stated in view of another trial, that if it should be found that appellee failed and refused to make a proper accounting and demanded payment in full, including items improperly charged, and that such demand prevented appellants from paying the amount justly due, then upon principles of equity regardless of the issues above mentioned the amount, if any, remaining just, due and unpaid by appellants should be ascertained and appellants permitted to pay same into court and retain their property. The case of Hall v. Edwards, Tex.Com.App., 222 S.W. 167, cited and relied upon by appellee as sustaining

her deed of trust sale, is not in point. In that case the sale rested upon an unquestioned debt. In the case at bar appellants raised fact issues against the debt.

The judgment of the trial court is reversed and the cause remanded for a new trial.