NANNIE BREITKREUTZ V. PINKIE COOK ET AL.

No. 7549. Decided November 20, 1940.
Rehearing overruled December 31, 1940.
(144 S. W., 2d Series, 534.)

*William M. Nathan, Stewart & DeLange, Albert J. DeLange, Robert P. Beman, Jr.,* and *Emory T. Carl,* all of Houston, for plaintiff in error.

It was not error for the trial court to hold that the deed of trust from defendants to plaintiff created a valid and subsisting lien against the property in controversy to secure the payment to plaintiff's husband, to whom the note was made payable and who died prior to the institution of this suit by his widow and sole devisee under his will, of the note in question as executed by defendants and payable to the deceased husband of plaintiff. Spencer v. Schell, 107 Texas 44, 173 S. W. 867; Keels v. First Natl. Bank of Groveton, 71 S. W. (2d) 372; Farm & Home Savings & Loan Assn. v. Muhl, 37 S. W. (2d) 317.

*Grady C. Fuller, P. Harvey, George N. Lusch,* all of Houston, for defendants in error.

On the power of sale under a deed of trust. Smith v. Allbright, 261 S. W. 461, Michael v. Crawford, 108 Texas 352, 193 S. W. 1070; 29 Tex. Jur., 973.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit, filed by Mrs. Nannie Breitkreutz, a feme sole, as plaintiff, in trespass to try title against Pinkie Cook, as defendant, to recover lot 6, block 11, of the W. B. Walker Addition to the City of Houston, took final form as a trespass to try title suit by Mrs. Breitkreutz against Pinkie Cook and Ida Williams to recover title and possession of the property; and, in the alternative, for foreclosure of liens against it. The trial court, by an instructed verdict awarded Mrs. Breitkreutz judgment against defendants for title and possession. The judgment further decreed that defendants take nothing by their various alleged claims against plaintiff, and that plaintiff's alternative plea for foreclosure of liens be denied *for the reason that title and possession of the property had been adjudged to plaintiff.* The Court of Civil Appeals reversed and remanded the cause. 123 S. W. (2d) 990.

Mrs. Breitkreutz was the widow of H. Breitkreutz, who died January 4, 1934, and the sole devisee under his will. The allegations of her petition, *under the alternative plea,* are, briefly, that on October 15, 1929, Pinkie Cook executed her note for $640.00 payable to George H. Graham, payable in monthly installments of not less than $10.00 each, payments to begin November 15, 1929, and secured by a mechanic's lien on the property, executed by Pinkie Cook and others not necessary to name; that Graham, prior to maturity, by written endorsement, transferred the note together with the lien securing its

payment, to Breitkreutz; that thereafter about December 13, 1929, Pinkie Cook executed to Breitkreutz her note for $1242.50 payable in monthly installments of $15.00 each, to begin January 13, 1930, and to continue until the full amount of the debt had been paid; that of even date with the note Pinkie Cook executed and delivered to Breitkreutz her deed of trust, Meyer C. Wagner, trustee, conveying the property in trust as further security for the payment of the note. The deed of trust contained the following recitation:

"Of the $1242.50 represented by the note above described, the sum of $638.53 represents the unpaid balance of principal now remaining unpaid on that certain note for $640.00 executed by Pinkie Cook, widow, dated October 15, 1929, payable to the order of Geo. H. Graham, as more fully appears from the mechanic's lien contract between said Geo. H. Graham and Pinkie Cook, et al, recorded in Vol. 181, page 628, of the Harris County Contract Records, and $603.97 represents money advanced by said H. Breitkreutz at our request to pay off past due and current taxes, interest and penalties."

It was alleged by plaintiff that it was the purpose of the parties to merge the balance of $638.53 owing on the Graham note with the additional sum of $603.97 then advanced by Breitkreutz to pay off past due and current taxes, interest and penalties; that the deed of trust merged the two debts into one and created a superior lien upon the property in controversy, but if not, then it created liens inferior to those provided in the deed of trust executed to secure the payment of the Graham note, and that all of the liens were held by Mrs. Breitkreutz.

It is further alleged that upon default of several installments of the indebtedness referred to and also upon default in payment of taxes that had accrued since January 1, 1930, plaintiff matured the entire note and indebtedness and requested the trustee to exercise the power of sale under the deed of trust, and that after compliance with the law the trustee sold the property on the first Tuesday in August 1935, which was purchased by plaintiff, Mrs. Breitzkreutz. This is the sale under which she procured title to the property through the trustee's deed, executed and delivered to her pursuant thereto.

The pleadings of the defendants are stated in the opinion of the Court of Civil Appeals, which see. 123 S. W. (2d) 991.

Pinkie Cook pleaded, in addition, the following itemization of payments, aggregating $266.00:

| Date Paid | Amount | Date Paid | Amount | Date Paid | Amount |
|---|---|---|---|---|---|
| 1-20-30 | $15.00 | 6-15-31 | $5.00 | 5-16-33 | $3.00 |
| 2-17-30 | 15.00 | 7-21-31 | 7.50 | 6-12-33 | 1.00 |
| 3-17-30 | 7.00 | 9-14-31 | 5.00 | 7-2-33 | 2.50 |
| 4-21-30 | 10.00 | 10-19-31 | 9.00 | 7-17-33 | 3.00 |
| 5-13-30 | 8.00 | 1-13-32 | 3.50 | 8-28-33 | 3.00 |
| 6-13-30 | 8.00 | 2-16-32 | 5.00 | 10-2-33 | 3.00 |
| 7-14-30 | 10.00 | 3-14-32 | 12.00 | 10-16-33 | 2.00 |
| 8-18-30 | 8.00 | 5-16-32 | 8.00 | 11-17-33 | 3.00 |
| 9-13-30 | 15.00 | 8-22-32 | 5.00 | 12-18-33 | 3.00 |
| 10-21-30 | 10.00 | 9-19-32 | 3.50 | 5-20-34 | 2.50 |
| 12-15-30 | 9.00 | 11-2-32 | 5.00 | 6-25-34 | 5.00 |
| 1-13-31 | 15.00 | 3-13-33 | 1.50 | 7-31-34 | 2.50 |
| 2-24-31 | 15.00 | 4-10-33 | 2.00 | 9-11-34 | 2.50 |
| 4-13-31 | 10.00 | 5-1-33 | 3.00 | | |

The foregoing pleading is based upon payments shown by the receipt book kept by Pinkie, which will be later referred to.

She stated generally in connection with the above itemization that she had "paid other amounts," and in this connection pleaded that if upon accounting "it develops that she owes plaintiff anything" she is willing "to pay any amounts that the court shall decide is justly due."

It is stated in the opinion that the "basic facts—the execution of the $640.00 note, the mechanic's lien, the $1242.50 note, the deed of trust to Wagner, the death of Breitkreutz and the vesting of the title of the note in appellee (Mrs. Breitkreutz), and the sale of the property * * * by her trustee, were as plead" by plaintiff.

The foreclosure sale was on August 6, 1935. Plaintiff was the purchaser and on that date received a trustee's deed conveying to her the property in controversy. At that time the premises were occupied by Ida Williams, a feme sole, who, prior to the trial, was ousted by a writ of sequestration sued out by plaintiff. Ida was a niece of the defendant, Pinkie Cook, and claimed an interest in the property by inheritance. It was her suit for damages for alleged wrongful sequestration that was consolidated with the trespass to try title suit against Pinkie, and in which, after consolidation, she became a codefendant with Pinkie. As it appears from the record that the outstanding title, which includes the chain through which Ida claims, was acquired by Breitkreutz prior to the deed of trust sale, her claim will not be further discussed.

The Court of Civil Appeals holds that the evidence raised the issues, among others, against the deed of trust and $1242.50 note, that the plumbing improvements installed by Graham, the "low-tank closet and sewer" and necessary openings, could have been installed for $92.50; that they were installed without connection with the city sewer; that, without such connection, they had little value and did not constitute a substantial compliance with the contract to install; that Breitkreutz was not an innocent holder of the Graham note in that he acquired it with actual knowledge of Graham's failure to make the improvements as contracted; that with respect to the $603.97 item of the $1242.50 note, recited therein as being for "past due and current taxes, interest and penalties," the evidence raised the issue that the note was usurious in that there was testimony that the tax, interest and penalty items paid for Pinkie was only $478.87, and that she had paid Mr. and Mrs. Breitkreutz on the note more than that amount plus the reasonable value of the Graham improvements. The court is of opinion also that if Mrs. Breitkreutz refused to make an accounting and demanded payment in full, including items improperly charged, and that such demand prevented defendants from paying the amount justly due, "then upon pleas of equity, regardless of the issues above mentioned, the amount, if any, remaining just, due and unpaid by appellants (defendants) should be ascertained and appellants permitted to pay same into court and retain their property."

What is relied upon by Pinkie as a tender of payment by her of any amount justly remaining unpaid, was pleaded as merely *an offer to pay such sum as the court might find upon the trial she justly owed.* Pinkie's own view of the character of the offer is reflected in her counsel's statement upon the trial that "in case it is found we owe anything, we are willing to pay it." It does not appear that any demand for accounting and tender meeting the requirements of either law or equity was made.

While our decision of the case is not predicated upon a total lack of evidence to raise an issue as to an overcharge by Graham for the plumbing improvements installed by him on the property, or an issue as to whether Breitkreutz incorporated in the final note a larger amount for taxes, interest and penalties than he actually paid, a statement from the record of a portion of Pinkie Cook's own testimony relating to those matters, and to the amount actually paid by her prior to foreclosure, will serve to disclose the lack of legal merit in her various belated claims. The basis of the decision is that the deed of trust sale at which Mrs. Breitkreutz purchased the property was

valid, which we will proceed to show, thereby eliminating questions that would otherwise be presented.

Pinkie admitted signing the $640.00 note on October 15, 1929, and also the mechanic's lien to secure its payment; also that she subsequently signed the $1242.50 note and deed of trust securing its payment; and that when she signed the deed of trust the parties told her she was "signing up for the toilet and for the taxes." Nor did she deny she signed an acceptance of the work under the mechanic's lien contract after its completion, which acceptance is shown by the record. She testified that she talked to Mr. Breitkreutz about the toilet facilities not being connected with the city sewer before she signed the last note; but that she continued making payments to him by the month about four years (until his death), as shown by her receipt book. It appears from her testimony that she retained custody of the book and that Breitkreutz entered the payments therein as made. While she testified to a general conclusion that she paid $726.50, her testimony shows it was necessarily based upon an aggregate of payments of $15.00 per month in full each and every month for four years. The monthly payments are shown by the receipt book, and the incorrectness of the conclusion appears from her subsequent testimony that she did not pay "any additional amount besides what is shown in this receipt book," and that she herself retained custody of the book. The book shows monthly payments $1.00 to $15.00 per month) aggregating $266.00, and that they were made at the times and in the amounts stated in her itemized plea of payment set out above, beginning January 20, 1930, and continuing monthly to September 11, 1934. The book shows a continuation of payments after the last payment receipted for by Mr. Breitkreutz on December 18, 1933, as follows: May 20, 1934, $2.50; June 25, 1934, $5.00; July 31, 1934, $2.50 and September 11, 1934, $2.50. The last four payments are noted in the book in the same manner as those made to Breitkreutz, and appear to have been receipted for, as made, by H. J. Suhr, Mrs. Breitkreutz' agent. Pinkie did not testify to making *any item of payment* other than as shown by the receipt book. The receipts and certificates in evidence show payment of taxes alone against the property in the sum of $538.66.

The concluding statement of the opinion reflects the basic erroneous conclusion of the Court of Civil Appeals. It reads: "The case of Hall v. Edwards, 222 S. W. 167, cited and relied upon by appellee as sustaining her deed of trust sale, is not in point. In that case the sale rested upon an unquestioned debt.

In the case at bar appellants raised fact issues against the debt."

The payments made by Pinkie according to her own testimony did not offset the amount of indebtedness conclusively shown against her and incorporated in the note secured by the deed of trust. The payments were in default at the time of the foreclosure sale, the last having been made on September 11, 1934, and the sale having been made on August 6, 1935.

The indebtedness remaining unpaid included moneys advanced by Breitkreutz for payment of taxes, penalties and costs on the property, the advancement of $477.60 for that purpose being admitted in defendants' brief. No offer or tender of payment of any amount was made by Pinkie prior to foreclosure. The sale was not void. Hemphill v. Watson, 60 Texas 679; Belcher Land Mtge. Co. v. Taylor et al (Com. App.), 212 S. W. 647; Wood et al v. Eastland Bl. & L. Asso. (wr. ref.), 75 S. W. (2d) 466.

We find no warrant in the facts for holding the deed of trust sale invalid, or that the trust deed delivered pursuant thereto did not convey all of the right, title and interest of Pinkie Cook in the property to plaintiff in error.

The judgment of the Court of. Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court November 20, 1940.

Rehearing overruled December 31, 1940.