### HENSARLING et al.
v.
### SOUTHERN STATES LIFE INS. CO. et al.

#### No. 3168.

Court of Civil Appeals of Texas.

Waco.

June 3, 1954.

Rehearing Denied June 29, 1954.

Pierce E. Holmes, Houston, for appellants Chas. E. Montgomery et ux.

Julia Mae Anderson, Houston, for appellants Hensarling and wife.

De Lange, Hudspeth & Pitman, Houston, for appellees.

TIREY, Justice.

This action is in the nature of a suit in trespass to try title. It does not yield to a simple statement.

When appellants rested, the Southern States Life Insurance Company and R. L. Cowling presented their motion for peremptory instruction, or, in the alternative, for the court to withdraw the cause from the jury and render judgment (such motion being presented subject to their right to proceed with their defense and their cross action) and the court granted such motion and withdrew the cause from the jury and found for the Southern States Life Insurance Company and R. L. Cowling, individually and as trustee. The recitals in the decree are quite lengthy. We think it is sufficient here to state that the court found and decreed that appellants take nothing against Southern States Life Insurance Company and R. L. Cowling, and taxed all costs against them, and further found that the Southern States Life Insurance Company recover from the appellants and all other parties to this action the fee simple title to and possession of Lot 443 in Block 24, Kashmere Gardens, fully described in the decree, together with writs of possession and all other necessary writs. The decree disposed of all the parties, but owing to the fact that only the Hensarlings and the Montgomerys perfected their appeal and filed briefs, the disposition made as to the other parties is not pertinent. The decree further awarded to Southern States Life Insurance Company a joint recovery against Charles Harrison Jones and wife, Gertrude Jones, and Charles E. Montgomery and wife, Maxine Montgomery, in the sum of $1,868.22, with legal interest from date of judgment until paid. Appellants here, Malcolm E. Hensarling and wife, Altie Mae Hensarling, excepted to the action of the court and gave notice of appeal to the Galveston Court of Civil Appeals. They seasonably presented their motion for a new trial and were joined in this by Mr. and Mrs. Montgomery, which motion was overruled, and the Hensarlings and the Montgomerys seasonably perfected their appeal by filing a cost bond to the Galveston Court but they have filed separate briefs. The cause is here on transfer by order of our Supreme Court.

Pertinent to this discussion, the judgment of the trial court is assailed on two grounds. They are substantially: (1) in holding that parol evidence was inadmissible to show that the deeds were intended

as mortgages; (2) in granting a peremptory instruction because the uncontradicted evidence showed that the property constituted the homestead of appellants and as such was occupied continuously by them and their children, and was so occupied as such at the time of the transaction in question, of which defendants had notice, and that the deeds tendered in evidence were executed for the purpose of fixing a lien on appellants' homestead, and therefore void.

Appellees' counter-points are to the effect that the undisputed evidence shows: (a) that Southern States Life Insurance Company is subrogated to the original vendor's lien and the subsequent liens held by Houston First Federal Savings & Loan Association and those acquired from Carrie D. Kerr, and that no attack had been made on these liens; (b) that appellants are estopped by their conduct and acts to assert the invalidity of the sale relied upon by appellee in advancing purchase money; (c) that the Southern States Life Insurance Company advanced purchase money to C. H. Jones and wife without knowledge of any infirmities in his purchase; (d) that appellee is a bona fide purchaser for value under the trustee's deed. We are in accord with each of the foregoing counter points.

We quote substantially from appellee's brief a statement of the nature and result of this suit. Appellants, in their action in trespass to try title, made the Southern States Life Insurance Company and R. L. Cowling, individually and as trustee for such Insurance Company, defendants, and also joined Charles Montgomery and wife, C. H. Jones and wife, and Mrs. E. W. Falvey, a widow. Appellants, in their second amended original petition, in addition to the statutory trespass to try title count, made further allegations to the effect that certain conveyances executed by appellants and appellees, including the liens retained in such conveyances, were simulated for the purpose of fixing a lien on the homestead of appellants, and they prayed for cancellation of each of these instruments, and also for the setting aside of the foreclosure

sale which had theretofore been made under a deed of trust. Charles Montgomery and wife filed a disclaimer in the suit, as did the legal representative of Mrs. Falvey, who died while the suit was pending. The Insurance Company and Cowling answered by pleas of not guilty, general denial, estoppel of the appellants to assert the homestead character of their property because of their own representations, and claimed that all loans were bona fide and that in any event they had no notice of any infirmities, if the sales and transactions were in fact simulated, and had no notice that such sales were not what they were purported to be, as shown by the instruments placed in evidence. Appellees further claimed rights of subrogation and in the event the foreclosure under the deed of trust sale was for any reason invalid that in such event they asked for judicial foreclosure and for deficiency judgment and general relief.

We have previously stated the effect of the decree as it relates to the property and to the appellants Hensarling. Since the Montgomerys filed a disclaimer, and since the Southern States Life Insurance Company has agreed that the deficiency judgment rendered in its behalf against the Montgomerys may be stricken, the case here before us on appeal involves only the claims of Mr. and Mrs. Hensarling, which are to the effect that they made two simulated sales of their homestead and committed the monies received to uses other than those which would create a valid lien against a homestead. The two sales claimed to be simulated are the ones from Mr. and Mrs. Hensarling to Mr. and Mrs. Montgomery and the sale from Mr. and Mrs. Montgomery to Mr. and Mrs. C. H. Jones. The deed from Mr. and Mrs. Hensarling to Mr. and Mrs. Montgomery was dated January 17, 1946. This deed recites as consideration the sum of $10 and other valuable considerations, and the further consideration of the execution and delivery by the Montgomerys of a note bearing even date with the deed in the principal sum of $3,000, payable to the order of Malcolm E. Hensarling on or before thirty days

after date, bearing interest from date until maturity at the rate of six per cent per annum, interest payable at maturity, with the usual contingencies as to attorney's fees, and in the deed we find this further recital: " * * * and I, the said Malcolm E. Hensarling, in consideration of the sum of $3000.00 to me in hand paid by Houston First Federal Savings & Loan Association, a corporation, the receipt of which is hereby acknowledged and confessed, have bargained, sold, transferred and delivered and by these presents do bargain, sell, transfer and deliver unto Houston First Federal Savings & Loan Association the note hereinabove described in the sum of $3000.00, together with the vendor's lien and superior title securing the same. This assignment acknowledges payment of full consideration herein recited and Houston First Federal Savings & Loan Association is subrogated to all of my rights, title and interest securing said note. This assignment is made without recourse but I warrant that the full amount of said indebtedness represented by said note is unpaid. Grantees acknowledge the receipt from grantor of grantor's pro rata part of taxes for the current year and grantees assume payment of taxes for the year 1946." Contemporaneously with the execution of the deed from the Hensarlings to the Montgomerys, the Montgomerys executed their promissory note to the Houston First Federal Savings & Loan Association in the principal sum of $3,000 and also contemporaneously therewith a deed of trust on the property described in the deed aforesaid as further security for the $3,000 note described in the deed from Hensarlings to the Montgomerys. On the 6th of January, 1948, the Montgomerys executed and delivered their certain warranty deed to C. H. Jones and his wife and in this deed we find that a consideration of $10 is recited, together with other good and valuable considerations, and the further consideration of the grantees assuming a note in the sum of $3,000 described in the deed of trust held by the Houston First Federal Savings & Loan Association. Thereafter, on the 19th day of January, 1948, C. H. Jones and wife executed and delivered their certain deed

of trust on the above described property to R. L. Cowling, trustee, to secure their certain note in the principal sum of $3,250 payable to the Southern States Life Insurance Company as therein provided and in the deed of trust we find this recitation:

"The undersigned represent that the liens securing the payment of the indebtedness hereinafter described are valid and subsisting liens against the property hereinabove described, and do hereby request that Southern States Life Insurance Company pay off the amounts due and owing to the holder of the indebtedness hereinafter described, and further represent that the lien of this deed of trust is good and valid.

"The indebtedness herein described and hereby secured is executed in renewal and extension, but not in extinguishment of that one certain promissory note dated January 17, 1946, in the original principal amount of $3000.00, executed by Charles E. Montgomery and wife Maxine Montgomery and payable to the order of Houston First Federal Savings & Loan Association; which said note is secured by a Deed of Trust of even date therewith to L. H. Allen, Trustee, recorded in Vol. 1139 Page 135 of the Mortgage Records of Harris County, Texas, and it is hereby agreed that all of the original liens securing the payment of said note shall remain in full force and effect until the indebtedness herein described and hereby secured is fully paid, hereby waiving the Statutes of Limitation, and Southern States Life Insurance Company is hereby subrogated to all of the liens, rights, equities and remedies held by the owner or holder of the hereinabove described note. This Deed of Trust shall be cumulative of all other security and shall not affect or impair existing or renewed liens.

"The undersigned represent that no part of the above described property constitutes their homestead; that they do not now live on said property and

do not intend to live thereon at any-time in the future.

"The undersigned further designate and claim as their home the following described property: Lot One Hundred Sixteen (116) of Woodsdale Subdivision, Section 2, near the City of Houston, Harris County, Texas, further known as 10603 Somerset Street; on which property they now live and claim as their homestead and on which said property they intend to live on and claim as their homestead in the future."

On page 193 of the Statement of Facts we find this stipulation: "That the loan of $3250.00 made by Southern States Life Insurance Company to Charles Harrison Jones and wife was applied to the extent of $2788.44 * * * or approximately that amount * * * to the Houston First Federal Savings & Loan Association on loans and liens which they had theretofore held against such premises at 4509 Pickfair Street concerned in this suit."

■ As we understand this record here, it is agreed that the amount of $2,788.44 is a valid debt and subsisting lien against the homestead tract in question, and such debt and lien were not challenged by anyone in the court below or here. As we understand appellants' position, it is to the effect that the trial court committed prejudicial and reversible error under the doctrine announced by our Supreme Court in Bradshaw v. McDonald, 147 Tex. 455, 216 S.W. 2d 972, in that the trial court excluded certain testimony tendered by Mr. and Mrs. Hensarling with reference to the showing of their intentions in the execution and delivery of the deed by the Hensarlings to Montgomery and from the Montgomerys to the Joneses and from the plaintiffs to Mrs. Falvey, and they make reference to the testimony tendered on pages 292 to 304, inclusive, of the Statement of Facts. We have read this testimony very carefully and overrule this contention.

■ It is true that this testimony is to the effect that the conveyance from the Hensarlings to the Montgomerys was simulated, but we think it fails to show that it

tendered any fact or circumstances showing or tending to show that the Southern States Life Insurance Company or Mr. Cowling had any notice of the purpose that the Hensarlings and the Montgomerys had in mind at the time the Hensarlings conveyed the property to the Montgomerys, and the foregoing view applies to the deed from the Montgomerys to the Joneses, and since the decree made no award in favor of the Hensarlings against the Montgomerys nor in favor of the Montgomerys against the Hensarlings, and no complaint is made here of the decree because of such failure, the doctrine applied by our Supreme Court in Bradshaw v. McDonald, supra, has no application here, because, under the undisputed factual situation, the simulated transaction, if true, is of no effect. Since it is stipulated that the debt and lien against the property to the amount of $2,788.44 is and was a valid debt secured by a valid and subsisting lien against the homestead, and since the recitations in the deed from the Hensarlings to the Montgomerys as well as the recitation in the deed from the Montgomerys to the Joneses recognize the validity of the debt and lien held by the Houston First Federal Savings & Loan Association, it is our view that the doctrine of estoppel operated against the appellants under the undisputed factual situation here presented. The Joneses have not filed any brief here complaining of the decree entered by the trial court, and since the Southern States Life Insurance Company has agreed that its judgment against the Montgomerys can be stricken, the sole and only complaint here is on behalf of the Hensarlings to the decree of the court in behalf of the Southern States Life Insurance Company.

Since the Southern States Life Insurance Company had no knowledge or notice of the simulated transaction or the purpose that Hensarling and his wife had in conveying the property to Montgomery nor of the purpose that the Hensarlings and the Montgomerys had in conveying the property to the Joneses, we think the doctrine of equitable estoppel was established against the Hensarlings, Montgomerys and Joneses as a matter of law. "'The purpose

of estoppels is to prevent inconsistency and fraud resulting in injustice.' 31 C.J.S., Estoppel, § 1, page 192.' * * * 'Estoppel is a doctrine for the prevention of injustice. It is for the protection of those who have been misled by that which upon its face was fair, and whose character as represented parties to the deception will not, in the interest of justice, be heard to deny. But one entitled to its protection must have been misled'." See Kuehne v. Denson, 148 Tex. 54, 219 S.W.2d 1006, 1009, point 3. Also Dobbins v. Martin Buick Co., 216 Ark. 861, 227 S.W.2d 620, and cases cited in 15A Texas Digest, Estoppel, See also Cockrell v. Farmers State Bank, Tex.Civ. App., 255 S.W.2d 886, writ ref.

Going back to the recitations contained in the deed from the Hensarlings to the Montgomerys and from the Montgomerys to the Joneses, we think that the Southern States Life Insurance Company had the right to rely upon the recitations in such deeds as a complete divestiture of title. Since it is without dispute that the debt and lien existing against the property at the time the Hensarlings conveyed the property to Montgomery and wife was a valid debt and secured by a valid and subsisting lien against the homestead and, at the time of the conveyance, amounted to the sum of $2,788.44, and since we are of the further view that the evidence is without dispute that the Southern States Life Insurance Company had no notice of any infirmities in the deed from Hensarling and wife to Montgomery and wife, nor of any infirmities in the deed from Montgomery and wife to Jones and wife, the doctrine announced by our Supreme Court in Eylar v. Eylar, 60 Tex. 315, is applicable and controlling here and precludes appellants from any relief. See also Heidenheimer Bros. v. Stewart, 65 Tex. 321; Hurt v. Cooper, 63 Tex. 362; Alstin's Ex'r v. Cundiff, 52 Tex. 453; Love v. Breedlove, 75 Tex. 649, 13 S.W. 222; Graves v. Kinney, 95 Tex. 210, 66 S.W. 293; Standard Savings & Loan Ass'n v. Fitts, 120 Tex. 303, 39 S.W.2d 25. Our Supreme Court has not seen fit to change the rule here announced. This court, speaking through the late Justice Alexan-

der, in Dallas Trust & Savings Bank v. Pickett, Tex.Civ.App., 59 S.W.2d 1090, points 7–9, at page 1093, applied this doctrine to a similar situation and cited Eylar v. Eylar, supra, and Guaranty Bond State Bank v. Kelley, Tex.Com.App., 13 S.W.2d 69. This same doctrine was applied by our Supreme Court in Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, points 9–10, at page 168.

We have examined very carefully the evidence tendered which relates to the title to this property, beginning with the deed whereby the Hensarlings acquired this property. The chain of title here shown is without dispute that the Southern States Life Insurance Company is subrogated to the original vendor's lien as well as all subsequent liens created against the property and thereafter duly transferred and set over to the Houston First Federal Savings & Loan Association, including those acquired by assignment from Carrie D. Kerr. The record is also without dispute that the Southern States Life Insurance Company advanced purchase money to Charles H. Jones and wife without any knowledge or notice of any infirmities in the deed from Hensarling and wife to Montgomery and wife and from Montgomery and wife to Jones, and without any knowledge or notice of any infirmities in the note executed and delivered by Jones and wife in renewal and extension of this purchase money note, and it is our view that the entire debt and lien of the Southern States Life Insurance Company, under all the facts here, was a valid and subsisting debt and lien against the homestead. However, there is a well recognized rule that "a sale made under a deed of trust for a sum larger than the amount with which the property is properly chargeable is not void, and a power of sale in such deed can be exercised if any part of the debt is due and owing." See W. C. Belcher Land Mortgage Co. v. Taylor, Tex. Com.App., 212 S.W. 647, points 2 and 3, and cases there cited. However, the evidence is without dispute that the appellants were delinquent in the payment of the indebtedness on the property and that the Insurance Company had matured its debt and

requested the trustee to foreclose its lien by sale under the deed of trust. See also Pridgen v. Warn, 79 Tex. 588, 15 S.W. 559; Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12; Harrison v. First National Bank of Lewisville, Tex.Com. App., 238 S.W. 209; Fears v. Albea, 69 Tex. 437, 6 S.W. 286; E. Y. Chambers & Co. v. Little, Tex.Civ.App., 21 S.W.2d 17, writ ref., Glasscock v. Travelers Ins. Co., Tex.Civ.App., 113 S.W.2d 1005, writ ref. Moreover, this court, in Hill v. Engel, Tex. Civ.App., 89 S.W.2d 219, writ ref., held substantially that where the lien against the homestead is void, if the facts are such as to estop the makers from pleading the infirmity of the lien, the holder of the lien is entitled to foreclose. See Points 1 and 2, 89 S.W.2d at page 220.

Our view is that since the evidence is without dispute that Southern States Life Insurance Company is a bona fide purchaser for value under the foreclosure sale made by the trustee under the provisions of the deed of trust, there was no issue to go to the jury, and the court did not err in withdrawing the cause from the jury and rendering judgment in favor of Southern States Life Insurance Company as set out in the decree.

In appellees' brief we find this statement: "As will be stated in open court, appellees have no objection to striking from the trial court's judgment the provision regarding deficiency judgment that was taken against Mr. and Mrs. Charles Montgomery." Accordingly, the decree of the trial court awarding to the Southern States Life Insurance Company judgment in the sum of $1,868.22 against Charles E. Montgomery and wife, Maxine Montgomery, with interest at the rate of 6% per annum from date of judgment, is hereby set aside, vacated and held for naught.

Accordingly, the judgment of the trial court is in part reformed as to defendants C. E. Montgomery and his wife, Maxine Montgomery, and in all other respects it is affirmed. Reformed in part and affirmed in part.

All costs of appeal are adjudged against appellants Hensarlings.