**Leslie GANT, Appellant,**

v.

**P. C. STEWART, Appellee.**

No. 3868.

Court of Civil Appeals of Texas.

Waco.

May 11, 1961.

Rehearing Denied June 1, 1961.

Dent, King, Walker & Wickliff, Roberson L. King, Alfred Spivey, Houston, for appellant.

DeLange, Hudspeth & Pitman, Houston, for appellee.

TIREY, Justice.

Plaintiffs, in their original petition, sought to enjoin the foreclosure sale under a deed of trust to certain property in the city of Houston and also sought to cancel the note and the deed of trust by virtue of which the foreclosure sale purported to proceed. The temporary injunction was denied and the trustee proceeded to make sale of the property under the terms of the deed of trust. Thereafter the appellee filed a cross-action for title and possession of the property and also sought judgment for a deficiency. Plaintiffs entered a plea of not guilty. The cause was tried without the aid of a jury, and the court decreed that plaintiffs take nothing on their action against the appellee and rendered judgment in favor of appellee against plaintiffs for title to and possession of the property, and described the property by metes and bounds. The court granted defendant's motion to dismiss his plea for a deficiency judgment and decreed accordingly. Upon request of the plaintiffs the court filed findings of fact and conclusions of law. The findings of fact are very comprehensive; they consist of several pages of legal cap paper and we will point out what we believe to be the controlling facts. These findings show that on May 14, 1958, W. L. Allee and his wife, as grantors, conveyed to Leslie Gant and his wife, Marie Gant, Lots 47 and 48 in block 3 in Florida Gardens, an addition in Harris County, Texas, with all improvements thereon, and the grantees, as part of the consideration executed and delivered their purchase money note in the sum of $11,071.42, payable to Allee and his wife, which note was due and payable in installments as therein stated, and provided for interest at 8% per annum, and the note further provided for the usual contingencies as to maturity and attorney's fees. The note was secured by a vendor's lien and further secured by a deed of trust lien of even date with the deed. This note, on the day of its execution, was expressly assigned by Allee and his wife to Texas Investment Corporation, and the instrument assigned and set over the vendor's lien and deed of trust lien to said corporation, and this instrument was recorded in the deed records of Harris County. The Gants made no payment of any installment or interest on the note, and the Texas Investment Corporation elected to declare the entire note due and notified the Gants that they would institute foreclosure proceedings, because of default of payment of the note. On July 9, 1958, Barnett Magids, in consideration of the execution and delivery of a note and deed of trust and a subrogation and renewal and extension of the foregoing indebtedness, at the request of the Gants, satisfied or caused to be satisfied the indebtedness owed and held by the Texas Investment Corporation, and the Gants made, executed and delivered to Barnett Magids their promissory note in the principal sum of $11,-100, payable to Barnett Magids in monthly installments of $100 each, including interest, with the first of such installments payable on or before September 1, 1958, and a like installment payable on the 1st day of each and every calendar month thereafter until such note had been fully paid. The Gants, contemporaneously with the execution of the foregoing note executed a deed of trust on the property to secure the payment of the note, and this deed of trust, among other things, recited that the indebtedness secured thereby was given in renewal and extension, but not in extinguishment of the unpaid balance in the amount of $11,071.42 owing on the note dated May 14, 1958, originally executed by the Gants. It further recited that all of the original liens securing the payment of said note should remain in full force and effect until the note and indebtedness dated July 9, 1958 was fully paid and satisfied, and further provided that Barnett Magids was subrogated to all liens, rights, equities and remedies held by the original owners and holders of the note dated May 4, 1958. This renewal note and the liens securing the same by valid assignment became the property of P. C. Stewart, appellee herein,

and on September 11, 1959, he requested the trustee named in the deed of trust to proceed to post notices for sale of the property because of defaults in payment of interest and payments in the note and under the terms of the deed of trust. The findings of fact further state that the notices were posted in accordance with the terms of the deed of trust, and that the sale was made by substitute trustee at the court house door of Harris County between the hours provided by law, and at which sale Stewart became the purchaser of said property upon his bid of $8,000, which was the highest and best bid, and that the substitute trustee did execute and deliver the substitute trustee's deed pursuant to powers contained in the deed of trust of July 9, 1958, wherein he conveyed the tract of land in question to Stewart. The Court concluded that the deed of trust dated July 9, 1958, executed by the appellants here, constituted a valid first and superior lien upon the property to secure the unpaid balance due and owing on the note of $11,071.42 described in the deed of trust; that plaintiffs made default in the payment of the note and that the entire balance owing thereon became due and payable in accordance with the exercise of the option contained in the note and deed of trust, and that the entire balance of principal and interest on the note amounted to the sum of $11,536.59, and that sum was due and owing on October 6, 1960, the date of the foreclosure; that such note and indebtedness was valid upon its face, and there was no evidence tending to show that same evidenced a usurious contract; that the appellants Gants were estopped by their conduct from asserting such defense against Stewart; that the note dated July 9, 1958, was in fact not a usurious contract; that the trustee's sale held under the terms of the deed of trust by the substitute trustee was in all things regular and valid, and that the deed given by the substitute trustee to Stewart conveyed the full fee simple title to the property, and that Stewart is the owner in fee simple and is entitled to possession of the property, and decreed accordingly.

The judgment is assailed on three points; they are substantially to the effect that the Court erred: (1) In finding that a subrogation and renewal and extension agreement was entered into between plaintiffs and Barnett Magids; (2) In finding that there is no evidence in the record of the amount of money paid to Texas Investment Corporation by said Barnett Magids, in satisfaction of the indebtedness due plaintiffs to the Texas Investment Corporation; (3) In holding that the note in suit was valid on its face and that there was no evidence tending to show that there was a usurious contract, and in holding that the plaintiffs were estopped by their conduct from asserting that the note of July 9, 1958, was in fact a usurious contract. We overruled each of the foregoing points for reasons which we shall hereafter briefly state. First of all, we have examined the statement of facts very carefully and find that appellees developed the history of this case in chronological order, and the deeds and deed of trust and the notes tendered in evidence set forth the manner in which the Gants acquired the property and the instruments by which such original vendor's lien was retained and such lien and deed of trust lien passed into the hands of the appellee. The Gants became delinquent in the payment of the note in question and they were sent notices that the holders intended to foreclose their lien and all of this is shown conclusively by ample testimony. The deed of trust under which foreclosure was had, and which instrument was executed and delivered by the Gants, among other things, has this recital:

"The undersigned represent that the lien securing the payment of the indebtedness hereinafter described is a valid and subsisting lien against the property hereinabove described and have heretofore requested, and do hereby request that Barnett Magids pay off the amounts due and owing to the holder of the indebtedness hereinafter described, and further represent that the

lien of this deed of trust is good and valid.

*"The indebtedness secured hereby is in renewal and extension, but not in extinguishment of that certain item of indebtedness herein described as follows:*

*"The unpaid balance amounting to $11,071.42 owing on that one certain promissory note in the original principal sum of $11,071.42, dated May 14, 1958, executed by Leslie Gant and wife, Marie Gant and payable to the order of W. L. Allee and wife, Hazel Allee,* which is secured by vendor's lien retained in deed of even date therewith from W. L. Allee and wife, Hazel Allee to Leslie Gant and wife, Marie Gant, and being additionally secured by deed of trust of even date therewith." * * * (Emphasis added).

It is our view that the trial court correctly rendered judgment for the appellee, because Barnett Magids was subrogated to all the liens, rights, equities and remedies of the Texas Investment Corporation under the liens and of the note of May 14, 1958; that the evidence as a whole showed purchase of the existing vendor's lien by Magids from the Texas Investment Corporation, and that it was not a new transaction involving a loan of money to the Gants by Magids. We also think that the evidence conclusively shows that the appellants received the full value for the execution and delivery of the note, and that the consideration recited in the note and deed of trust was in extension and renewal of the existing indebtedness and lien in the amount of $11.071.42, plus interest accrued thereon. We are of the further view that the undisputed evidence shows that at the time of the foreclosure under the deed of trust that there was a substantial principal balance owing upon the note and indebtedness and

that appellants were long in default in installments due upon such indebtedness, and that the entire debt was matured, and that the substitute trustee's sale and deed effectively conveyed title to the property in fee simple to the appellee. We are of the further view that the record conclusively shows that appellant failed to pay or tender into the registry of the court or to appellee the amount of principal claimed by them to be owing prior to the foreclosure. The views heretofore expressed by this court are supported by the following cases: W. C. Belcher Land Mortgage Co. v. Taylor, Tex.Com.App., 212 S.W. 647; Breitkreutz v. Cooke, Tex.Com.App., 135 Tex. 574, 144 S.W.2d 534; E. Y. Chambers & Co. v. Little, Tex.Civ.App., 21 S.W.2d 17, writ ref.; Hensarling v. Southern States Life Ins. Co., Tex.Civ.App., 269 S.W.2d 555, n. r. e.

We have heretofore stated that the findings of fact made by the trial court show that all of the rights, titles, liens and equities of the prior lien holders passed into the appellee by subrogation, and since the Gants failed to pay the note and debt evidenced by the renewal and extension set out in the findings of fact, and since the debt was matured and sale made under the provisions of the deed of trust that the appellant, Gant, stands before this court without any valid claim whatsoever. As we understand the rule in Texas it is to the effect that the right to subrogation to all rights, liens and equities of a prior lien holder, upon payment of such prior lien indebtedness at the instance and request of the debtors is so well established as to be a rule of property in this state, and we think that this record shows the foregoing conclusively. See Hicks v. Morris, 57 Tex. 658; Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12; Pridgen v. Warn, 79 Tex. 588, 15 S.W. 559; Breitkreutz v. Cooke, supra, and W. C. Belcher Land Mortgage Co. v. Taylor, supra. We find no error in the judgment of the trial court, and it is Affirmed.