Emil SAMBORSKI, Plaintiff-Respondent,

v.

Nelson PRICE, Defendant-Appellant.

No. 24601.

Kansas City Court of Appeals.

Missouri.

June 19, 1967.

———⋄———

Albert J. Yonke, Kansas City, for appellant.

Hutson & Van Horn, Don Hutson, Kansas City, for respondent.

BLAIR, Judge.

Assault and battery. Emil Samborski sued Nelson Price for striking him in the face with his fist and injuring him and prayed for $1,000.00 actual damages and $5,000.00 punitive damages. The trial was to a jury and the result was a verdict and judgment for $500.00 actual damages and $2,500.00 punitive damages. Price appeals.

The sufficiency of the evidence to support the verdict and judgment stands unquestioned and a brief statement of the facts leading to the occurrence will suffice. Price was a business representative of a union of which Samborski was a member in good standing. Samborski attempted over a long period of time to obtain work through the union and failed. His financial circumstances were at a low ebb and he sought and found work on his own. Several days after he began this work he was accosted on the job by Price who reprimanded him for obtaining work on his own and not through the union. Samborski defended his action on the ground that the union had not obtained work for him and that he had a family he had to support. As the saying goes, one word led to another and Price struck Samborski in the face with his fist. Samborski presented evidence of various serious consequences of this blow, among which was a concussion that caused him to have severe headaches for a long period of time.

A single question is presented by Price on this appeal. His point relied on is that the trial court erred "in Permitting Plaintiff's Counsel, in His Final Argument, to Argue the Element of Punitive Damages When That Element Had Not Been Argued in Plaintiff's Opening of the Final Argument and Had Not Been Mentioned in Defendant's Argument, for the Reason That It Was Highly Prejudicial and Defendant Was Denied the Opportunity of Arguing That Plaintiff Was Not Entitled to Punitive Damages." The allegation of error in his motion for a new trial is identical in all legal substance.

The fault of Price's contention is that it simply cannot withstand comparison with the record. After outlining in his opening statement the facts on which Samborski relied to obtain a verdict and judgment for $1,000.00 actual damages and $5,000.00 punitive damages, his counsel then said "It is on the basis of these facts that he complains. A man doing his job, struck in the face, injured thereby, and now he must come to court and seek from you the justice he requires. This will be the case for the plaintiff. He seeks by way of compensatory or actual damages the sum of $1,000.00 for the blow, the bills, the pain, the hurt, the interference with his normal activities. He seeks by way of what are known as punitive damages for the fact it was a wrongful act, the fact that a man has a right to enjoy his job, his work, peacefully without being interfered with by some one who comes in and unlawfully strikes him, the sum of $5,000.00, and the plaintiff is ready to present his evidence to you."

In his opening argument, Samborski's counsel first fully argued actual damages and then argued at length the reasons he believed the evidence justified an award of punitive damages. He did not restate the amount of $5,000.00 he had clearly told the jury in his opening statement that Samborski was seeking and he said nothing indicating that he had receded from the $5,000.00 figure. He stated no amount. In his argument, Price's counsel also argued punitive damages. He did not mention any amount, but he said "Now, they talk about tactics, that you should bring in a verdict, to warn Mr. Price that he shouldn't hit anybody, and make an example, and so forth. Now, the reverse is true." Obviously directing his argument to both actual and punitive damages, he immediately followed these statements by arguing that Price did not strike Samborski and, even if the jury should find he did, the blow was a trifling one provoked by Samborski causing him no injury and entitling him to no damages at all. In his closing argument Samborski's counsel again argued actual damages and then said "Now, as to the matter of punitive damages. The union movement—". Counsel for Price objected on the ground "that the amount of damages was not mentioned in the opening part of the argument, and was not mentioned in the defendant's argument, and I submit it is improper for him *to argue damages at this point*." (Emphasis supplied) This objection was overruled. Counsel for Samborski then reargued the reasons he believed the evidence justified an award of punitive damages and then in a single sentence stated "And as I told you in the beginning of this case, he seeks (punitive) damages in the amount of $5,000.00." Counsel for Price took no action at the time this statement of the amount was made. He did not enter an objection or ask that it be stricken or that the jury disregard it or that counsel for Samborski be reprimanded.

■ On this record it must be manifest that Price's contention in this court that Samborski's counsel did not argue for an award of punitive damages in his opening argument is baseless. Just as baseless is his argument that his own counsel did not argue against an award of punitive damages. Therefore Samborski's counsel had the right to argue for punitive damages in his closing argument as he had done in his opening argument. Sullivan v. Hanley, Mo.App., 347 S.W.2d 710, 716.

■ Although neither Price's motion for new trial nor his point relied on, which last we have quoted verbatim, complains that Samborski's counsel mentioned the amount of $5,000.00 claimed as punitive damages only in his closing argument, the argument in his brief is devoted to demonstrating that mentioning that amount in the closing argument was prejudicial and reversible error. Civil Rule 79.03, V.A.M.R. provides that allegations of error, in order to be preserved for appellate review, except questions enumerated in the rule and not relevant here, must be presented to the trial court in a motion for a new trial. This rule is mandatory. Gosnell v. Gosnell, Mo. App., 329 S.W.2d 230; C & O Distributing Co. v. Milner Hotels, Inc., Mo.App., 305 S.W.2d 737. Civil Rule 83.05 provides that the brief for appellant shall contain "The points relied on, which shall show what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, * * *." This rule is not merely technical and appellate courts should enforce it except when cogent reasons of justice warrant waiving noncompliance. No such reasons are present in this record. Browning v. City of Poplar Bluff, Mo.App., 370 S.W.2d 179. Reading his motion for a new trial and his point relied on, we believe no one would conclude that his real complaint is that the amount claimed for punitive damages was not mentioned in the opening argument but was allowed to be mentioned in the closing argument. For these reasons alone we will not disturb this judgment.

■ There are other reasons for an affirmance. Even if we were to consider

Price's motion for a new trial and his point relied on as sufficient, the objection made by Price's counsel when Samborski's counsel began his closing argument on punitive damages, and this was the only objection made, was much too broad and far from sufficiently specific to warrant us in convicting the trial court of error in overruling it. The gist of the objection was that no argument at all relating to punitive damages could be made because the amount claimed had not been mentioned in the opening argument. As observed, counsel for Samborski in his opening argument had presented at length Samborski's reasons for claiming punitive damages without mentioning an amount and he was entitled to make the same kind of argument in closing. Objections to argument of counsel must be specific and they are insufficient when they do not call the attention of the trial court to the specific ground on which they are based. Stephens v. City of Eldorado Springs, Mo.App., 190 S.W. 1004, 1005; Kent v. L. B. Price Mercantile Co., Mo. App., 17 S.W.2d 983, 984. Where an objection is made to all of an argument, some of which is proper, the objection does not suffice to lodge reversible error in the record merely because a portion of the argument is improper. Fennell v. Illinois Central Railroad Co., Mo.App., 383 S.W.2d 301, 307; Minor v. Lillard, Mo., 306 S.W. 2d 541, 548; Sullivan v. Hanley, supra, 347 S.W.2d 1. c. 716. For this reason the trial court was entirely justified in overruling the only objection made.

■ Civil Rule 4.22, we recognize, declares "It is not candid or fair for the lawyer * * * where a side has the opening and closing arguments to mislead his opponent by concealing or withholding positions in his opening argument upon which his side then intends to reply." Greathouse v. Wolff, Mo.App., 360 S.W.2d 297, 301. We believe that Price's counsel was not misled in this case. All concerned in the trial knew from the beginning the amount claimed as punitive damages. As observed, Samborski's counsel ended his opening

statement by telling the jury clearly that, in addition to $1,000.00 actual damages, Samborski wanted it to award him $5,000.00 as punitive damages. He neither withheld the amount of punitive damages sought or misled anybody regarding it. Nothing occurred during the trial to indicate that Samborski or his counsel had receded from this position. To us it is wholly unreal to argue that Price's counsel did not know Samborski's counsel was arguing for the $5,000.00 he had claimed for Samborski as punitive damages in his opening statement when he presented his reasons for an award of punitive damages in his opening argument, even though he did not restate that amount. Viewing the facts of this case we do not believe that Samborski's counsel violated Civil Rule 4.22.

■ There is no settled rule for deciding the question with which we are dealing. Each case must be ruled on its own facts when the question arises. Shaw v. Terminal Railroad Ass'n of St. Louis, Mo., 344 S.W.2d 32, 37, 93 A.L.R. 2d 265; Sullivan v. Hanley, supra, 347 S.W.2d 1.c. 716. On different facts the Supreme Court has discussed this question twice. In Goldstein v. Fendelman, Mo., 336 S.W.2d 661, 666, an action for personal injuries, the conduct of counsel in failing to cover his entire case in his opening argument was condemned, although the cause was not reversed due to the failure of the defendant to enter a proper objection. There counsel for the plaintiff did not mention any amount he claimed as damages in his opening argument and in his closing argument used "a large cardboard" on which he wrote the amounts he asked the jury to award for each of the 14 items of damage totaling $77,735.00. Of this conduct the court said "(W)e consider it unfair and improper to permit plaintiff's counsel to do this for the first time in his closing argument, when defendant's counsel had made no argument as to amount." We are firmly convinced that Goldstein is not applicable here and we have discussed it only to distinguish it and to present it as

a demonstration of a true violation of Civil Rule 4.22. In the present case, in neither the opening nor closing argument was there an attempt to outline and value any *elements* of punitive damages which were claimed to constitute the total of $5,000.00 originally mentioned in the opening statement and finally mentioned in the closing argument. The substance of both arguments was only that the assault was malicious and unprovoked and made on a man whose only offense was honestly striving to earn a living in employment which he had obtained on his own and which the union over a long period had failed to obtain for him.

Counsel for Price does not cite or rely on Goldstein. His sole reliance is on Shaw v. Terminal Railroad Ass'n of St. Louis, supra, 344 S.W.2d l.c. 36, an action for personal injuries. Counsel for the plaintiff in that case, in his opening argument, "discussed in detail the question of liability, the evidence supporting plaintiff's theory of negligence, and the credibility of plaintiff's witnesses". He did not mention the plaintiff's injuries or the damages claimed. When he concluded his opening argument, he told the jury that he would develop "some other points" later. Immediately counsel for the defendant made a specific and proper request that the court require counsel for the plaintiff to argue "all of his points", including damages "or anything else" in his opening argument. This request was refused and the entire argument on injuries and damages was allowed to be concealed and withheld until the closing argument. The Supreme Court held this to be reversible error saying "In our present case not only was the statement of the amount claimed withheld for the concluding argument, but the entire argument on injuries and damages was so withheld. This was done knowingly, and after full and complete warning. * * * It is not practicable to lay down a hard and fast rule governing all cases, in all their varying circumstances; we do not attempt to do so here. But we do hold, here and now, that the party having the affirmative of the issues in a suit such as this may not, after full notice and warning, withhold all argument on the vital questions of injuries and damages; we further hold that the trial court abused its discretion in permitting this argument in the reply, and that, under the circumstances of this case, the error was prejudicial." Obviously the Shaw case is no authority for a reversal under the circumstances in this case, for at the very outset Samborski's counsel informed Price's counsel, the court and the jury of the amount Samborski was claiming as punitive damages.

We carefully say that we are ruling this case as an individual one and only on its own facts and we are not declaring a rule applicable to all other cases.

The judgment is a just one on the whole record and our duty is to affirm.

It is so ordered.

All concur.